CHARLES RUPPEL v. THE ADRIAN FURNITURE MANU-
FACTURING COMPANY.

*Trover—Evidence of value—Appeal—Estoppel.*

1. Property is often the subject of legal valuation, concerning which no proof of value in the market can be given, because it is not brought into the course of trade, and it is incapable of any estimate in that mode; and, in such a case, the value is, to be ascertained from such elements of value as are attainable, among which may be the cost of construction.

2. Where a corporation defends a trover suit on the ground that, it has a lien upon the property for material and work used in. its construction, and that the plaintiff agreed that it might, retain possession until its bill was paid, it cannot on appeal raise the question for the first time that the detention of the property by its president was without authority from the corporation, and that he alone is liable therefor.

Error to Lenawee. (Lane, J.) Argued June 7, 1893. Decided July 25, 1893.

Trover. Defendant brings error. Affirmed. The facts are stated in the opinion.

*Westerman & Westerman,* for appellant.

*J. C. Winne,* for plaintiff.

McGRATH, J. This is trover for a bedroom set partially constructed by plaintiff upon defendant's premises.

But two questions are presented. A witness called by

plaintiff was asked how much it would cost to replace the set, or make another just like it. Plaintiff was an expert wood carver. The set had been the first constructed after a unique design invented by plaintiff. It was richly carved. It could not be said to have had an ascertained market value. The witness had himself worked upon the set ten and one-half months, and had testified that he knew how much time plaintiff had spent upon it. Other testimony had been given by experts of its value. Such opinions were, at best, but estimates. It was competent, in connection with such testimony, to show the actual cost of construction. Property is often the subject of legal valuation, concerning which no proof of value in the market can be given, because it is not brought into the course of trade, and it is incapable of any estimate in that mode. The value, in such case, is to be ascertained from such elements of value as are attainable.

The only other question raised is that the detention of the set by the president was without authority of the company, and he alone is liable in tort to plaintiff. This question does not seem to have been raised upon the trial below. On the contrary, the defense below was that the company had a lien upon the property for lumber and machine work which went into its construction. A bill for this work and materials, including other claims in favor of defendant and against plaintiff, was presented, and it was claimed that, for the lumber and machine work, defendant had a lien, and, further, that, upon presentation of the bill, plaintiff agreed that the set might remain until the bill was paid. Defendant cannot now and here be heard to say that the conversion was not its act.

The judgment is affirmed.

The other Justices concurred.