### DENVER ONYX & MARBLE MANUF'G CO. v. REYNOLDS.

(Circuit Court of Appeals, Eighth Circuit. January 7, 1896.)

#### No. 629.

1. EVIDENCE—MARKET VALUE.
    Upon a question of the market value of Arizona onyx, it is not error to refuse to permit a witness to testify as to the market value of Mexican onyx, there being no offer to show that the latter was equal, inferior, or superior to the former.

2. PLEADING—REPLEVIN—COLORADO CODE.
    Under the Colorado Code of Procedure (sections 79, 80), which provides that "an action to recover possession of personal property" can be maintained in all cases where "the plaintiff is the owner of the property * * *

or is lawfully entitled to the possession thereof," and the same is "wrongfully detained by the defendant," a complaint which alleges that the defendant "wrongfully took" and "unlawfully detains" the property is sufficient, whether the defendant acquired possession wrongfully or in good faith, if he has detained the property after demand.

In Error to the Circuit Court of the United States for the District of Colorado.

The defendant in error, John B. Reynolds, brought this action against the plaintiff in error, the Denver Onyx & Marble Manufacturing Company, in the circuit court of the United States for the district of Colorado, to recover the possession of certain blocks of Arizona onyx, marked and numbered as set out in the complaint, amounting, in the aggregate, to 540½ cubic feet, valued at $6,500. The complaint alleges the plaintiff was lawfully possessed of the property on the 1st day of January, 1893; that he is still the owner of the property and entitled to the possession thereof; "that the said defendant, on or about the 1st day of September, A. D. 1893, at Phœnix, in the territory of Arizona, wrongfully took said goods, chattels, and personal property from the possession of this plaintiff; that on the 18th day of October, A. D. 1893, and before the commencement of this action, the plaintiff demanded of the defendant the possession of said goods, chattels, and personal property; that said defendant still unjustly and unlawfully detains said personal property from the possession of this plaintiff, to the damage of the plaintiff in the sum of two thousand dollars,—wherefore, plaintiff demands judgment against the defendant for the recovery of the possession of said goods, chattels, and personal property or for the sum of six thousand five hundred dollars ($6,500), the value thereof in case a delivery cannot be had, together with two thousand dollars damages, and costs of this suit." The answer denies the material allegations of the complaint, alleges the defendant is the owner of the property, and sets up as an affirmative defense that about the 9th day of December, 1892, the plaintiff and Guy H. Reynolds, who, it is alleged, were then the owners of the property, delivered it to the Phœnix Hay & Grain Company, by way of pledge, to secure the payment of $154.44, and that that company afterwards assigned the debt, and delivered the pledged property for its security, to the defendant, and that the plaintiff has not paid or tendered payment of the debt. The replication denied all new matter in the answer. There was a trial to a jury, and a verdict and judgment for the plaintiff for the property, and, if the return of the property could not be had, then for the recovery from the defendant of $5,250, the value thereof; and thereupon the defendant sued out this writ of error.

S. L. Carpenter, for plaintiff in error.

Edward O. Wolcott, Joel F. Vaile, and Charles W. Waterman filed brief for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

As tending to throw some light on its value, the court below permitted a witness to testify, over the objection of the defendant, that it cost a trifle over nine dollars per cubic foot to quarry and lay down at Phœnix, Ariz., by the side of the railroad track for shipment, the Arizona onyx in controversy. It is conceded that, if the onyx had no market value at Phœnix, then the cost of production, and such other facts as had a tendency to show its value, would have been competent. Ruppel v. Manufacturing Co., 96 Mich. 455, 55 N. W. 995. But it is said that the plaintiff proved it had a market value at Phœnix, Ariz., and also in New York, and that this proof superseded the necessity of

any other proof on the subject, and made the admission of the testimony as to the cost of production erroneous. As a rule, the cost of production and transportation is not the best, or even competent, evidence of the value of an article. Without going into an extended discussion of the rule on this subject, it is sufficient to say that the plaintiff proved, by two witnesses, that the market value of the onyx in Phœnix, Ariz., and in New York, was from three to six dollars per cubic foot more than it cost to produce it. There was no evidence to the contrary of this. So that, assuming that the admission of the testimony as to the cost of its production was technically erroneous, it was an error which did not prejudice, but made in favor of the defendant.

It is next assigned for error that the court refused to permit a witness to testify that the defendant had purchased Mexican Pedrara onyx for nine dollars per cubic foot in New York, but there was no offer to show whether this onyx was equal, superior, or inferior to the Arizona onyx, and the evidence offered was, therefore, clearly irrelevant.

The defendant offered to prove that it found the onyx in the possession of the administrator of one Mills, and purchased and received the possession of the same from him. It did not prove, or offer to prove, that Mills or his administrator ever owned the onyx, or had any right to sell the same, or to the possession thereof. The plaintiff's ownership of the onyx was not seriously contested. The testimony we are considering seems to have been offered for the purpose of laying the foundation for the following instruction, which the defendant asked, and the court refused to give:

"If the jury find that the defendant company purchased the onyx in question from another than the plaintiff, in good faith, for a valuable consideration, without knowledge of title in the plaintiff, and received possession from the vendor without knowledge of title in any other than the vendor, then the plaintiff cannot recover under his complaint in this action."

The contention of the counsel for the plaintiff in error is that this is an action of replevin in the cepit, and that such an action will not lie except where the taking by the defendant was wrongful; and that, if the defendant came into the possession of the property in good faith, by purchase or otherwise from the wrongdoer, he is not a wrongful taker; and that the plaintiff, although he may be the owner of the property, and entitled to the possession thereof, must in such cases bring replevin in the detinet, and not in the cepit. The complaint alleges that the defendant "wrongfully took" and "unlawfully detains" the property. This is a perfectly good complaint under the Colorado Code, which abolishes the common-law form of actions. The term replevin does not appear in the Code of that state. Under that Code, this is "an action to recover possession of personal property," and can be maintained in all cases where "the plaintiff is the owner of the property * * * or is lawfully entitled to the possession thereof," and the same is "wrongfully detained by the defendant." Rice's Colo. Code Proc. §§ 79, 80, and notes. At common law replevin lay where there was an unlawful taking, and detinue where there was an unlawful detention. The remedy provided by the Code "to recover posses-

sion of personal property" supersedes the common-law action of replevin, whether in the cepit or in the detinet, and all the ancient learning relating to these distinctions became obsolete upon the adoption of the Code. 2 Nash, Pl. (4th Ed.) 812 et seq.; Nichols v. Michael, 23 N. Y. 264. Under the Code the action for the recovery of personal property lies, by one entitled to the possession, against one wrongfully holding the possession, whether the possession was acquired in good or bad faith. In the action, the plaintiff may, if he maintains his suit, recover damages for the taking or detention of the property, and, if the property cannot be returned, judgment for its value. The remedy is plain and complete. Burrage v. Melson, 48 Miss. 237; Nash, Pl. supra. The complaint in this case was sufficient, under the Code, whether the defendant acquired the possession of the onyx wrongfully or in good faith. However acquired, his possession was wrongful after the plaintiff made a demand for its delivery.

The judgment of the circuit court is affirmed.