### DUNTON *v.* SWEET.

1. APPEAL AND ERROR—GREAT WEIGHT OF EVIDENCE—NEW TRIAL.
    A motion for a new trial not having been made, an assignment of error that the verdict is against the great weight of the evidence cannot be considered

2. LANDLORD AND TENANT—ACTION FOR RENT—EVICTION—QUESTION FOR JURY.
    In an action for rent, whether the building of a balcony by the landlord obstructed the passage of light and deprived the tenants of the use and enjoyment of a portion of the premises, amounting to a constructive eviction, where the testimony was conflicting, *held*, a question of fact for the jury, under proper instructions.

3. SAME—CONSENT TO OBSTRUCTION—QUESTION FOR JURY.
    *Held*, that the court properly submitted to the jury the controverted question as to whether defendants' consent to the building of the balcony was absolute, or whether it was on condition that it would not interfere with the light in their shop.

On effect of partial eviction upon liability for rent, see notes in 17 L. R. A. 275, 41 L. R. A. (N. S.) 430.

4. Same—Waiver—Implications.

A waiver of defendants' rights could not be implied from their conduct in remaining in possession, in paying rent, and in permitting plaintiff to erect the balcony, where the light was not obstructed until its completion, since a waiver by continued occupancy or silence is generally a waiver only of conditions existing at the time.

5. Same—Continued Possession and Payment of Rent—Waiver.

Defendants' continuance in possession for several months after the obstruction of the light will not be construed as consent to the eviction, nor will the subsequent payment of rent according to the terms of the lease, as a voluntary act, operate as a waiver, since nothing but a new contract by the tenants to pay rent, in substitution for the original lease, will renew his obligation to pay.

6. Same—Directed Verdict Against One Defendant Not Warranted—Partial Possession.

Where the lease did not provide for any division of the property or of the rent between defendants, the fact that the light in one portion of the building which was occupied by one of the defendants was not obstructed would not warrant the direction of a verdict against said defendant, since defendants had the right to the use and occupation of each and every part of the premises.

Error to Kent; McDonald (John S.), J. Submitted April 13, 1920. (Docket No. 43.) Decided June 7, 1920.

Assumpsit by Marian H. Dunton against Frank I. Sweet and another for rent. Judgment for defendants. Plaintiff brings error. Affirmed.

*Grant Sims,* for appellant.

*Clare J. Hall,* for appellees.

CLARK, J. On March 3, 1918, plaintiff, Marian H. Dunton, leased to defendants, Frank I. Sweet and Leon S. Heth, individually, for the term of 38 months at $116.32 per month, the two-story building and base-

ment known as 223 and 225 Bond avenue, Grand Rapids. There was also included in the lease the yard in the rear of the building. Mr. Heth testified:

"I repair motors and generators, magnetos as used on automobiles for electrical equipment. I repair just the electrical instruments, it is a special branch of the service. Mr. Sweet does storage battery work exclusively, and we are together because it is very essential that we have storage batteries in connection with the starting, lighting and ignition and that is why the two businesses work very well together. Mr. Sweet is an expert battery man. I am an expert electrical man. Neither of us has any financial interest in the business of the other. * * *

"We got our light from a large window at the west end (back) of the building; there was a partition that shut off the light from the east front. We put our machinery as far as possible away from the window as it happened to be the place where we could hook up the motor line shaft. We placed the benches where we do our fine work as near as we could get them to the west window without crowding, and we could do our fine work by the light from the west window."

There were other windows in the west end of the building. Defendants divided space on the leased premises to suit their needs. To be used in connection with a building upon adjoining premises, plaintiff caused to be constructed over a part of the yard leased to defendants a balcony or overhang 12 to 15 feet west of the building leased to defendants, 12 feet in width, 36 feet in length and about 12 feet in height, the floor of the balcony or overhang being about 10 feet above the level of the yard and somewhat above the level of the first floor of said leased building. The building of the balcony was begun in September, 1918, the outside of the structure was finished in October and it was fully completed in December following. Defendants paid rent monthly in advance to March 3, 1919, and on February 25, 1919, notified plaintiff that

the balcony had cut off the light to such an extent that they were unable to use the building, that they considered the lease void and would at once vacate the premises, which they did. Before another tenant was secured the premises were vacant 3 months and 9 days, for which period plaintiff brought suit to recover rent. Defendants pleaded the general issue and gave notice of eviction and breach of the lease. Upon trial there was verdict of no cause of action, upon which judgment was duly entered.

Plaintiff here urges:

1. That the verdict is against the great weight of evidence. A motion for a new trial not having been made, this question cannot be considered. *Clarke* v. *Case,* 144 Mich. 148.

2. That a verdict should have been directed for the plaintiff against both defendants. Plaintiff had testimony that there was in fact no obstruction of light, that defendants consented to the building of the balcony, that they were present as the work progressed and made their first complaint February 25, 1919, from 2 to 4 months after the balcony was completed, that they paid rent for at least 5 months after such building was commenced and at least twice after it was finished. Plaintiff contends that there was no eviction and that in any event defendants waived the right to complain. Defendants admit that they stated to plaintiff that they had no objection to the erecting of the balcony so long as it would not interfere with the light in the shop, and say that after its completion they attempted unsuccessfully to use in the day time an artificial light, and that the erection of the balcony seriously interfered with their light and the beneficial enjoyment of the premises and amounted to a constructive eviction and that they were justified in vacating the premises when they did. Whether the building of the balcony obstructed the passage of light

and deprived defendants of the use and enjoyment of a portion of the premises and amounted to a constructive eviction was a question of fact submitted to the jury under proper instructions. Tiffany's Landlord and Tenant, pp. 826, 1262; *Kuschinsky* v. *Flanigan*, 170 Mich. 245 (41 L. R. A. [N. S.] 430, Ann. Cas. 1914A, 1228) ; *Bamlet Realty Co.* v. *Doff*, 183 Mich. 694.

"An eviction may be from the whole of the demised premises, or from part only, a 'partial eviction' as it is termed. For the purpose of constituting a defense to a claim for rent, a partial eviction by the landlord is as effective as an entire eviction, but there would ordinarily be a difference as regards the liability of the landlord in damages. An actual eviction may be partial, as when the landlord takes possession of part of the premises by actually dispossessing or excluding the tenant therefrom, as likewise, presumably, may a constructive eviction, as when the landlord so interferes with the tenant's enjoyment of a part of the premises that the latter is justified in relinquishing possession of that part and he does so, retaining possession of the residue. Moreover, an actual eviction of the tenant from part of the premises may so affect his enjoyment of the premises as a whole as to justify their entire abandonment by him, thus resulting in a constructive eviction from the whole." Tiffany's Landlord and Tenant, pp. 1264, 1265.

Respecting the question of whether defendants' consent to the building of the balcony was absolute, as contended by plaintiff, or conditioned that there would be no interference with the passage of light, as contended by defendants, and respecting the relation of this question to the main issue in the case, the eviction, the jury was correctly and fully instructed. As to whether waiver is to be implied from the conduct of defendants in remaining in possession, in paying rent, and in permitting plaintiff to erect the balcony, as above stated, it is noted that defendants' complaint

is not of the encroachment nor of the taking of the space occupied by the balcony, but of the result which they claim followed the erection of it, viz., the obstruction of the passage of light. A waiver by continued occupancy or silence is generally a waiver only of conditions existing at the time. The passage of light was not obstructed until the building was erected, after which defendants continued in possession and paid rent for several months. This was not a waiver. Justice BIRD, speaking for the court, in *Kuschinsky* v. *Flanigan, supra,* said:

"The tenant may continue in possession of the remainder of the premises, and his possession will not be construed as consent to the eviction; nor will the subsequent payment of rent, according to the terms of the lease as a voluntary act, operate as a waiver. Nothing but a new contract by the tenant to pay rent, in substitution for the original lease, will renew his obligation to pay.

"Applying these rules of law to the admitted facts in this case, it at once becomes apparent that the defendant did not waive his right to insist upon a partial eviction by remaining in possession of the remainder of the premises and paying rent therefor for several months after the acts complained of were committed."

See, also, *New York State Investing Co.* v. *Woolf,* 145 N. Y. Supp. 945; *Graecen* v. *Barker,* 130 N. Y. Supp. 141; *Wusthoff* v. *Schwartz,* 32 Wash. 337 (73 Pac. 407).

3. That the court erred in refusing a request to direct a verdict against the defendant Sweet. The obstruction to passage of light affected that part of the building which, by an arrangement between the defendants, had been apportioned to defendant Heth. The two defendants leased the whole of the premises for the term. The lease provided for neither division of the premises nor division of the rent between the

defendants. Defendants had the right to the use and occupation of each and every part of the premises. To dispossess one and leave the other in possession would be in effect a new letting by the lessor. The court did not err in refusing the request. *In re Hotchkiss*, Fed. Cas. No. 6,715; *Sentliffer* v. *Jacobs*, 84 N. J. Law, 128 (86 Atl. 929); Tiffany's Landlord and Tenant, p. 220.

We have considered the other questions raised and find no reversible error. The judgment is affirmed.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.