## BUTLER *v.* NEUMANN.

1. SALES—SALE BY SAMPLE—ISSUE PROPERLY SUBMITTED.
    In an action for the balance due on a car load of apples,
    the issue as to whether the apples furnished conformed to
    the sample submitted, *held*, properly submitted to the
    jury.[1]

2. APPEAL AND ERROR—WEIGHT OF EVIDENCE—NEW TRIAL.
    In the absence of a motion for a new trial in the trial
    court, the weight of the evidence is not before the Supreme
    Court for consideration.[2]

Error to Wayne; Barton (Joseph), J., presiding.
Submitted June 17, 1925.    (Docket No. 44.)    De-
cided July 16, 1925.

Assumpsit by Charles F. Butler against Edward
Neumann for goods sold and delivered.    Judgment for
plaintiff.    Defendant brings error.    Affirmed.

*Edmund M. Sloman (Everett H. Wells,* of counsel),
for appellant.

*Edward M. Vining,* for appellee.

SHARPE, J.    Defendant expressed to plaintiff a de-
sire to purchase a car load of Northern Spy apples.
Plaintiff agreed to make an effort to secure them.
Soon after he appeared at defendant's place of business
in Detroit with a basket of such apples.    Defendant
agreed to take a car load similar to the sample at a
price then agreed upon.    Plaintiff shipped to defend-
ant at Detroit a car load of Northern Spy apples pur-
chased by him in Lapeer county.    Defendant advanced

[1]Sales, 35 Cyc. p. 575; [2]Appeal and Error, 3 C. J. § 906.

a part of the purchase price before shipment. When the car reached Detroit the apples were unloaded at the plant of the Detroit Refrigerator Company, agreeable to defendant's orders. He soon after inspected them, and determined that they were not of the quality he had agreed to take. He at once telephoned plaintiff, who came to Detroit about a week later. The parties differ as to what was said at that time. No settlement was reached. Plaintiff began suit. A few days later, defendant notified plaintiff by letter that, unless plaintiff advised him to the contrary, he would dispose of the apples to the best advantage he could and recoup his loss in the suit plaintiff had begun. He made sale of the apples, receiving less therefor than he had advanced to plaintiff on the purchase. Plaintiff's claim and defendant's claim of recoupment were submitted to the jury, who found for plaintiff for the balance as claimed by him. The following special question was submitted:

"Did the Northern Spy apples actually shipped by plaintiff to defendant in the month of November, 1922, come up to the grade of sample submitted?"

The jury answered it, "Yes."

Defendant reviews the judgment entered by writ of error.

Both parties are agreed that the only question presented was whether the apples delivered conformed to the sample. The plaintiff testified that he attended to the loading of the car, that he "picked over the apples that were brought to me by those farmers, every crate." He was asked, "Were they hand-picked?" and answered, "Yes."

"*Mr. Sloman:* Would like to move the statement 'hand-picked apples' be stricken out, unless he testified to being present when the apples were picked; otherwise it must necessarily be hearsay.

"*The Court:* Not necessarily; an experienced fruit

picker knows a hand-picked apple when he sees it. The court happens to know that to be a fact. Your motion is denied."

The witness then testified:

"I have lived on a farm practically all my life. I have had considerable experience in the gathering of apples, covering a period of 20 years. * * * The apples that I showed him, that I could get at Columbiaville and Lapeer, were the same brand of apples that I afterwards shipped him. They were as good. They were the same apples. Same as sample."

The court then suggested that the plaintiff, having proved the contract and delivery thereunder, might well rest, and, after cross-examination of the witness, he did so. Defendant's counsel then moved for a directed verdict—

"for the reason that the testimony of the plaintiff himself shows that the agreement made with Mr. Neumann regarding the Spy apples was a sale from sample, which sample were admitted to be fancy Spys and perfect Spys, and the testimony of this plaintiff is to the effect that the apples were good apples, good Spy apples, that he delivered; no showing here that he delivered the apples to correspond to the sample."

This motion was denied. Plaintiff had testified, as quoted above, that the apples shipped were "same as sample."

In his instruction to the jury, the court very clearly stated the issue of fact which they must decide. It was also specifically stated in the special question submitted. Error is assigned upon the statement:

"There is no dispute but what the proper amount was delivered in the proper way."

This was followed by—

"There is no dispute by the plaintiff in this case that if he failed, or did fail, and you find that he did

fail, to deliver a car load of apples fairly in accordance with sample, that the defendant should recover. * * * Boiling it all down, the issue is a very plain one: Was this car load of Spy apples in accordance with the sample?"

The defendant had testified as to the grade of Northern Spy apples to which the apples shipped belonged. Other witnesses who examined them also so testified. The court said:

"I will stop here to explain, that there has been a lot said about the grading of these apples, fancy, extra fancy, No. 1, No. 2, culls. You are not concerned with them at all. It's not decisive in this issue. The court instructs you that this car load of apples was sold in accordance with a sample. There is no proof of any conversation had between the plaintiff and the defendant at any time or place whereby the plaintiff sold to this defendant a car load of apples in accordance with any grading whatsoever; so the only thing for you to consider is, Was the car load of apples fairly in accordance with the sample furnished? Call it what you like; call it hickory nuts, or anything else you see fit; there was apples, a bushel of apples or crate of apples, submitted as a sample."

We have quoted quite freely from the record as defendant's argument is centered around the claim of error that—

"The court erred in the attitude maintained by the trial judge, consciously or unconsciously, during the trial, as well as in his charge to the jury, which too clearly indicated the judge's opinion regarding the facts of the case."

We find nothing in the record to indicate that the trial court had, or expressed to the jury, any opinion regarding the issue of fact in dispute. His purpose in the language complained of was to limit the consideration of the jury to the one question in dispute: Did the apples shipped "come up to grade of sample submitted?"

There was no motion made for a new trial, so the weight of the evidence is not before us for consideration.

The judgment is affirmed.

McDONALD, C. J., and CLARK, BIRD, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.