OLSHOVE *v.* PERE MARQUETTE RAILROAD CO.

1. RELEASE—ACCEPTANCE OF OFFER TO RELEASE BINDING IN ABSENCE OF FRAUD.

> Where a vendee assigned to his vendor any right of action he might have against a railroad company for damages caused by fire, and the vendor in writing offered to release the railroad company of all liability for said fire damages in excess of sums previously received from an insurance company, on the payment of $500, said offer, when accepted and voucher for said sum delivered to vendor's attorney, was binding upon the parties, in the absence of fraud, and saved to the insurance company its right of action, if any, against the railroad company, but eliminated the vendor and vendee as parties to any such litigation.

2. SAME—FRAUD NOT SHOWN.

> In an action against a railroad company for damages by fire claimed to have been caused by sparks from defendant's locomotive, plaintiff's claim that a release of the railroad company from liability therefor in excess of the loss paid by the insurance company was procured by the latter by fraud, *held,* not sustained by the record.

3. SAME—FAILURE BY INADVERTENCE TO INCLUDE ALL ORAL AGREEMENTS NOT FRAUD.

> It is no fraud, vitiating a signed agreement releasing a railroad company from damages caused by fire, to show that by inadvertence the attorney employed by the signer failed to make it speak all previous oral agreements.

4. ASSIGNMENTS—ASSIGNEES MAY NOT RECOVER MORE THAN CLAIM OF ASSIGNOR.

> The owners of property destroyed by fire claimed to have been caused by sparks from a locomotive, who had released the railroad company from all liability therefor in excess of the sums paid by the insurance company, may not, as assignees of the insurance company's claim against the railroad company, recover more than the amount of the loss paid by the insurance company.

5. SAME—ASSIGNEE ENTITLED TO MONEY PAID ON SETTLEMENT OF CLAIM.

> Where a vendee assigned to his vendor his right of action against a railroad company for damages caused by fire, the vendor, who settled with the railroad company for all damages in excess of the insurance company's claim, was entitled to the money received on said settlement.

POTTER, J., dissenting.

Error to Huron; Boomhower (Xenophon A.), J. ¹ Submitted June 19, 1928. (Docket No. 20, Calendar No. 33,727.) Decided January 7, 1929.

Case by Egnatz Olshove and another against the Pere Marquette Railroad Company for the negligent burning of plaintiffs' barns. Judgment for plaintiffs. Defendant brings error. Reversed.

*W. K. Williams* and *John C. Shields* (*C. F. Gates* and *Wilbur Beach,* of counsel), for appellant.

*Kinnane & Leibrand,* for appellees.

POTTER, J. *(dissenting).* Plaintiffs recovered judgment against defendant in the circuit court of Huron county for destroying their barns and personal property, by fire claimed to have been communicated thereto by sparks emitted from defendant's locomotive, by reason of its negligence. Defendant brings error.

It is claimed the circuit court of Huron county had no jurisdiction to try the case. This contention is answered by *Olshove* v. *Huron Circuit Judge,* 240 Mich. 46.

Defendant pleaded the general issue and gave notice of settlement. Plaintiffs claimed the alleged settlement was fraudulently procured, and promptly repudiated. The case was at issue upon the filing of the plea and notice. No replication was necessary

or permissible. The question of fraud was one of fact, and the burden of proof was on plaintiffs to show it. A wide range of testimony was admissible.

Plaintiffs claimed and testified they, and defendant, represented by its claim agent, Gillette, after negotiating, compromised and agreed upon the terms and conditions of a settlement by which defendant was to repay to the insurance company which had a policy of insurance covering the property destroyed, $1,100 paid by it under its contract of insurance to plaintiffs, and pay plaintiffs $500 in addition. Mr. Sauer, prosecuting attorney of Huron county, acted as scrivener to prepare the writing embodying the terms of the settlement. Sparling says he told the scrivener what he wanted. Gillette dictated a written memorandum of settlement. It did not, plaintiffs testify, embody the terms and conditions of the settlement agreed upon.

It is immaterial whether Gillette negligently or purposely omitted the real terms of the agreement of settlement from this memorandum, if he did so, if Sparling was misled and signed the agreement believing it embodied those terms. Sparling says he discovered it said nothing about the insurance company and went back to Gillette and by consent the agreement was modified by making an addition thereto. This is undisputed. Later Sparling found the agreement contained nothing about defendant repaying the $1,100 to the insurance company. Sparling then refused to accept the $500 tendered by defendant in settlement of plaintiffs' claim and sent it back to defendant, though the scrivener to whom the check had been tendered, signed a receipt for the same. Plaintiffs claim the substitution by Gillette of another and different contract of settlement than was agreed upon by the parties, operated as a fraud

upon them, and they are not bound by the agreement for settlement signed under the circumstances. There was sufficient testimony to take this question to the jury. It found in favor of plaintiffs upon this proposition. There was no error in so doing.

It is claimed the court erred in the admission of testimony as to the value of the property destroyed, and in his charge to the jury on the measure of damages. The measure of damages was the value of the property destroyed. *Close* v. *Railroad Co.*, 169 Mich. 392; *Roach & Co.* v. *Blair,* 190 Mich. 11. Though the court excluded testimony of the estimated cost of reproduction new, on defendant's objection, such testimony was admissible (*Ruppel* v. *Manufacturing Co.,* 96 Mich. 455; *Leder* v. *Insurance Co.*, 175 Mich. 470; *Union Ice Co.* v. *Railway Co.,* 178 Mich. 346; *Adams* v. *Railway Co.,* 240 Mich. 300), though it did not constitute the measure of value (*Hillsdale Light & Fuel Co.* v. *Utilities Commission,* 220 Mich. 101).

The court charged the jury:

"There was some testimony crept into the record as to what it would cost to replace the buildings with new buildings. That is not a proper measure of damages in the case. It is what the buildings were reasonably worth, taking into consideration their condition, the time they had been built, the state of their repair, and all those things."

There was no error in this charge.

Defendant alleges the court erred in not charging, as requested, that plaintiffs had not made a *prima facie* case of defendant's negligence. The court's charge, on the subject of defendant's negligence, fully protected its rights. There was evidence to go to the jury on defendant's negligence. It was properly submitted. The jury found against de-

fendant on the disputed facts. There was ample proof to sustain the verdict. We ought not to disturb it for this reason.

Defendant brought out on cross-examination of plaintiffs' witnesses that the insurance company had insured the property destroyed and paid plaintiffs a sum of money. Having gone into this subject evidently to show all the real parties in interest did not appear as parties plaintiff as required by statute, it cannot complain that plaintiff in reply showed the real parties in interest were plaintiffs. Defendant cannot play both fast and loose. It could not go into this subject and then complain that it did not pan out as expected. Defendant was not injured (*Union Ice Co.* v. *Railway Co.*, 178 Mich. 346), and cannot, under the facts, justly complain.

Judgment should be affirmed, with costs to plaintiffs.

WIEST, J. I am not content with the opinion of Mr. Justice POTTER.

Plaintiff Olshove holds the equitable title to the farm under contract of purchase. Plaintiff Sparling holds the legal title. The barns were insured by the State Mutual Rodded Fire Insurance Company for the sum of $1,000, with loss, if any, payable to Mr. Sparling as his interest appeared. The barns burned August 1, 1923. The insurance company, under the policy and an order given by Mr. Olshove, paid Mr. Sparling $1,100, for loss of the barns and some personal property, and this sum was credited to Mr. Olshove upon the land contract. October 12, 1923, Mr. Olshove, in writing, assigned to Mr. Sparling "all claims, demands, rights of action and the proceeds thereof," which he had against defendant on account of the fire, and notice of the assignment was sent defendant by mail, October 18, 1923, by

Mr. Sparling's attorney. An adjuster for defendant called upon plaintiffs, and they were willing to accept $500 in settlement; but whether defendant was also to pay $1,100 to the insurance company or leave that subject an open one was in dispute at the trial. September 25, 1925, Mr. Sparling, then holding the assignment from Olshove, went with defendant's adjuster to the office of Alfred H. Sauer, an attorney at Bad Axe, and Sparling employed the attorney to prepare an offer of compromise, to be executed by him, and the attorney prepared and Sparling signed the offer to accept $500, "as full payment and restitution for damages caused by fire to two barns," if paid within ten days, and "to release and discharge the said Pere Marquette Railway Company of and from all liability for said fire damage." On his way home Mr. Sparling looked again at his copy of the offer and noticed that nothing was said about the rights of the insurance company, and at once he turned back, found the adjuster and they returned to the attorney's office and there the attorney, with consent of the parties, added the words making the offer read:

"I agree to release and discharge the said Pere Marquette Railway Company of and from all liability for said fire damage, *in excess of sums previously received from insurance companies.*"

This offer, if accepted by defendant and satisfied, saved to the insurance company its right of action, if any, against defendant, but eliminated Sparling and Olshove as parties to any such litigation. Defendant accepted the offer as amended, and September 29, 1925, delivered to Mr. Sparling's attorney its voucher for $500, but stated therein that it was "in full compromise, satisfaction and discharge of all liability, if any, of the Pere Marquette Rail-

way Company to said William T. Sparling, assignee of Egnatz Olshove, arising out of the disputed claim," etc.  This voucher, if accepted, did not affect the right of the insurance company to prosecute its right of action, if any, under right of subrogation on account of insurance paid.  Plaintiff's attorney, to be on the safe side, however, wrote, signed, and delivered to defendant's attorney, at the time the voucher was tendered, a statement that:

"In accepting voucher  *  *  *  it is understood that such acceptance and payment shall not affect the rights or claims of any fire insurance companies whatsoever."

This was agreed to by defendant's attorney in writing.  This conference between the attorneys was in the evening, and the next morning Mr. Sparling, when informed of what had been done, refused the voucher, claimed that, under the compromise agreement, the defendant was not only to pay·him $500 but to reimburse the insurance company, and told his attorney to send the voucher back.  This the attorney declined to do, on the ground that no such agreement had been mentioned to him and the payment was in accord with Mr. Sparling's offer, and he handed the voucher to Sparling to send it back if he wanted to do so.  Mr. Sparling returned the voucher to defendant by registered letter.

September 30th, or the very next day after the settlement voucher was given to Mr. Sparling's attorney, there was written upon the back of the assignment of October 12, 1923, from Olshove to Sparling, a statement signed by Sparling and Olshove, declaring that the assignment by Olshove to Sparling did not express the true intent of the parties and,

"So far as the said writing assumes to be an assignment and transfer by the said Olshove to said Sparling of all of said Olshove's claims, demands, and especially of his right of action against said Pere Marquette Railroad Company, on account of said fire, the same is hereby reassigned and retransferred to said Olshove by said Sparling, and the said writings are hereby so corrected."

July 2, 1926, the State Mutual Rodded Fire Insurance Company assigned its right of action, if any, against defendant to plaintiffs herein, and August 4, 1926, they brought this action and obtained judgment for $3,700.

Mr. Sparling had an undoubted right to make the offer of compromise. The written offer, signed by him, and prepared by his attorney under his immediate direction, accepted by defendant and paid by voucher delivered to the attorney, ended all rights of Sparling and Olshove at that time, unless procured by fraud perpetrated by defendant. The only claim of fraud was that the writing signed by Sparling did not express the previous oral agreement by defendant to also pay the insurance company. Plaintiffs' attorney, who drew the offer, and later included the clause saving to the insurance company its right of action, and accepted defendant's payment voucher, and there again reserved such right of the insurance company, testified that he prepared the offer according to the direction given him by Mr. Sparling, and nothing was said about paying the insurance company. There was no mutual mistake and no fraud established, and the settlement was binding upon plaintiffs herein. If there was any mistake in drawing the offer of compromise it was that of the attorney employed by Sparling. The attorney testified there was no mistake. At any rate,

there was no mutual mistake. It is no fraud, vitiating a signed agreement, to show that by inadvertence the attorney employed by the signer failed to make it speak all previous oral agreements.

It is inferable from the testimony that the insurance company learned of the offer to compromise, found the offer left it to prosecute its action against the railroad company without Sparling and Olshove as parties, and such was not the wish of the insurance company.

Upon this record, the court was in error in permitting the jury to find the offer, made by Sparling, accepted by the railroad company, and payment made in accord therewith, was void for fraud. Plaintiffs now hold, by assignment, the claim of the insurance company against defendant, and, under such claim, can in no event recover more than the loss paid by the insurance company.

Sparling alone is entitled to the $500 under the settlement.

Judgment reversed and new trial granted, with costs to defendant.

NORTH, C. J., and FEAD, FELLOWS, McDONALD, and SHARPE, JJ., concurred with WIEST, J. CLARK, J., did not sit.