OLMSTED v. SOBER.

1. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.
   Testimony as to fact should not be excluded as equally within knowledge of deceased, unless it affirmatively appears that said fact, if true, was known to deceased.

2. APPEAL AND ERROR—TRIAL—INSTRUCTION.
   In action for death of pedestrian struck by truck at street intersection, instruction to disregard lines in extension of sidewalk was not error, where there was no proof that they were established by municipal authority, and especially where plat of intersection was introduced, location of walks, if extended, was referred to by court, and was clearly apparent to jury.

3. TRIAL—INSTRUCTION—CONTRIBUTORY NEGLIGENCE—REQUESTS TO CHARGE.
   Failure of court to instruct jury that deceased pedestrian, struck by truck at street intersection, was presumed to be in exercise of due care and free from contributory negligence up to time eyewitnesses first saw her, was not error, in absence of request therefor.

4. WITNESSES—EVIDENCE—MOTOR VEHICLES.
   In action against driver and owner of truck for injuries inflicted on pedestrian resulting in death, exclusion of colloquy at inquest where driver, on advice of counsel, refused to answer questions for reason that he might incriminate himself, was not error.

5. APPEAL AND ERROR—NEW TRIAL—WEIGHT OF EVIDENCE.
   In absence of motion for new trial, Supreme Court may not consider weight of evidence.

Error to Ingham; Carr (Leland W.), J. Submitted June 12, 1930. (Docket No. 58, Calendar No. 34,892.) Decided October 3, 1930.

Case by Will J. Olmsted, administrator of the estate of Nina G. Olmsted, deceased, against Howard Sober and another for alleged negligent killing

On right of witness to claim constitutional protection against being compelled to give incriminating evidence, see annotation in 4 L. R. A. (N. S.) 1144.

of plaintiff's intestate. From verdict and judgment for defendants, plaintiff brings error. Affirmed.

*John A. Dahlem* and *Reuben H. Rossman,* for plaintiff.

*Dean W. Kelley,* for defendants.

SHARPE, J. While crossing Michigan avenue at its intersection with Mechanic Street in the city of Jackson, on February 20, 1929, plaintiff's decedent was struck by a truck driven by the defendant Russell and owned by the defendant Sober, and sustained injuries from which she died on March 8th. This action was brought to recover the damages incident thereto. Defendants had verdict, and plaintiff seeks review by writ of error.

1. A cardboard had been substituted for the lower part of the windshield on the truck. Defendant Russell was permitted to testify that it in no way interfered with his vision. He also testified, over objection, to certain other facts, which it is urged were inadmissible because equally within the knowledge of the deceased.

In *Noonan* v. *Volek,* 246 Mich. 377, 381, in which errors based on this statutory rule were discussed, it was said:

"While such is the rule, its application, in tort actions, is fraught with difficulty in determining what knowledge the deceased had of a particular event, for the bar is not up until it affirmatively appears that the fact, if true, was known to the deceased."

The trial court referred to it in his instructions at some length, and said:

"Now, I say to you in that connection, that if you find from the evidence that Mr. Russell testified over

objections to any fact that, if true, was equally within the knowledge of Mrs. Olmsted, then you will disregard Mr. Russell's testimony on that point or as to that fact, for it would not be competent.''

We find no error in the admission of this testimony as it did not then nor thereafter during the trial ''affirmatively appear that the fact, if true, was known to the deceased.''

2. A police officer testified that lines in extension of the sidewalks were drawn across the streets at the intersection. There was no proof that these lines had been established by municipal authority, and the court instructed the jury that they should be disregarded. We do not think this instruction in any way affected the deliberations of the jury in determining the position of the deceased at the time of the accident. A plat of the intersection was introduced in evidence, and the location of the walks, if extended over the street, was referred to by the court, and was clearly apparent to the jury.

3. Error is assigned upon the failure of the court to specifically instruct the jury that the deceased ''was presumed to be in the exercise of due care and free from contributory negligence up to the time that eyewitnesses first saw her.'' No request for such an instruction was presented. The court charged that, in order for the plaintiff to recover, it must appear that the defendant Russell was negligent; that his negligence was the proximate cause of the accident, and that the deceased was free from negligence that contributed thereto. He carefully defined the term negligence, and then said:

''I say to you further in this connection that no presumption of negligence arises in any case from the mere fact that an accident has occurred.''

In the absence of a specific request, this instruction is deemed sufficient.

4. It appeared that a coroner's inquest was held on the body of the deceased. The defendant Russell was called as a witness, and, on the advice of his attorney, refused to answer for the reason that his answers might incriminate him. Plaintiff's counsel sought to introduce in evidence the colloquy at the inquest. The court excluded it. It is insisted that his refusal to answer may be treated as an admission of negligence on his part. It is conceded that he was then acting under the advice of counsel. There was no error in this ruling.

We have read this record with care, and have carefully examined the authorities cited by counsel. No motion for a new trial was made. We may not therefore consider the weight of the evidence.

No reversible error appearing, the judgment is affirmed, with costs to defendants.

WIEST, C. J., and BUTZEL, CLARK, McDONALD, POTTER, NORTH, and FEAD, JJ., concurred.