OLSHOVE *v.* PERE MARQUETTE RAILROAD CO.

1. Appeal and Error—Judgment—Law of Case on New Trial.
   Former opinion of Supreme Court was based on record then presented, and on new trial plaintiffs were entitled to present other facts which might have rendered former opinion inapplicable.

2. Same—Weight of Evidence.
   Claim that verdict is against weight of evidence is not before Supreme Court, where no motion for new trial on said ground was made in trial court.

3. Evidence—Compromise and Settlement.
   Offer of compromise may not be shown as admission of liability.

4. Same—Proofs Affecting Whole Transaction May Not be Divorced.
   Where documents relating to offer to compromise, introduced by plaintiffs, had been rejected, oral testimony relating to same subject, offered by them later, was properly rejected, since they were not entitled to have their separate questions divorced from showing of whole transaction previously made.

5. Same—Admission—Offer of Settlement.
   Offer of settlement in nature of compromise was properly held inadmissible as admission of liability.

6. Witnesses—Cross-Examination.
   Where, in action against railroad company for burning of plaintiffs' barn, claimed to have been caused by sparks from defendant's locomotive, there was no direct evidence of cause of fire, defendant had right, on cross-examination of plaintiff, to inquire into existence of other possible causes, including illicit still in barn burned.

Appeal from Huron; Boomhower (Xenophon A.), J. Submitted April 21, 1933. (Docket No. 122, Calendar No. 36,348.) Decided June 5, 1933.

Case by Egnatz Olshove and William T. Sparling against Pere Marquette Railroad Company for the negligent burning of plaintiffs' barn. Verdict and judgment for defendant. Plaintiffs appeal. Affirmed.

*Leibrand & Leibrand* (*Paul Woodworth,* of counsel), for plaintiffs.

*W. K. Williams* and *John C. Shields* (*C. F. Gates* and *Beach & Beach,* of counsel), for defendant.

Fead, J.   The action is for fire damage claimed to have been caused by defendant's locomotive throwing sparks upon a barn located on a farm owned by plaintiff Olshove as contract vendee and plaintiff Sparling as his vendor. Defendant had verdict of a jury and judgment. The facts are fully set out on the review of a former trial, reported in 245 Mich. 369.

Error is assigned on rulings of the court in connection with settlement and measure of damages, in which the former opinion of this court was held to be the law of the case. The former opinion was based upon the record there presented. On new trial, plaintiffs were entitled to present other facts which might have rendered the former opinion inapplicable. They made an offer of proof. We need not compare it with the former record to determine whether it changed the situation, because, in view of the verdict, only errors bearing on liability are of consequence.

The claim that the verdict was against the weight of the evidence is not before us, because no motion for new trial on that ground was made. *Olmsted* v. *Sober,* 251 Mich. 688.

An insurance company paid plaintiffs about $1,700 on account of the loss. Thereafter defendant made a settlement agreement for $500 with Sparling, who then had an assignment from Olshove. Sparling later refused to consummate the settlement and take the voucher for $500, on the ground that defendant had agreed also to reimburse the insurance company. Plaintiffs attempted to introduce the proceedings for settlement as an admission of liability by defendant, under the authority of *Michigan Mutual Home Ins. Co.* v. *Railway Co.,* 193 Mich. 429.

The distinction between a statement of an independent fact during negotiations for settlement and the offer of compromise itself as admission of liability is generally recognized. 80 A. L. R. 919, note. The rule that an offer of compromise cannot be shown as admission of liability is well settled in this State. *Crane* v. *Ross,* 168 Mich. 623. See, also, 1 R. C. L. p. 471. The rule is too salutary to be whittled away. The case relied on by plaintiffs emphasizes that the payment made to the insured was not by way of compromise.

In making the offer of proof, plaintiffs presented certain documents, including an offer of settlement by Sparling, an agreement signed by his attorney and defendant's attorney, and a voucher for the agreed sum issued by defendant. The agreement and voucher stated that the claim that the fire had been caused by the negligent operation of defendant's locomotive was disputed, and that the voucher was issued to compromise the claim and avoid litigation. The showing before the court, therefore, was that the negotiations for settlement were by way of compromise, and the offer of testimony was not within the ruling of the *Michigan Mutual Home Ins. Co. Case, supra.*

Later in the trial, plaintiffs' counsel attempted to pursue the subject again, through oral testimony. The court properly rejected it. Plaintiffs were not entitled to have their separate questions divorced from the showing of the whole transaction previously made.

Plaintiffs now claim that the allegations regarding the dispute of liability and compromise in the instruments were inserted by defendant after the agreement had been reached and were not part of the original offer. No such distinction was made in circuit court in offering the testimony nor offer of proof made indicating such distinction.

Upon the showing made, the court was right in holding that the offer of settlement was not competent as an admission of liability.

Error is assigned on cross-examination of Olshove as to having an illicit liquor still in the barn and the danger of fire from the still. He admitted once having a still, but claimed he had none at the time and never any in the barn. There was no direct evidence of the cause of fire. Plaintiffs relied on inferences from testimony that there was no other fire on the premises, and that a locomotive had passed by shortly before the blaze was discovered. Defendant had the right to inquire into the existence of other possible causes. The examination was not protracted nor prejudicial. The other errors claimed are without merit and need no discussion.

Judgment affirmed, with costs.

McDONALD, C. J., and CLARK, POTTER, SHARPE, NORTH, WIEST, and BUTZEL, JJ., concurred.