BORAN *v.* NEW YORK LIFE INS. CO.

1. INSURANCE—FRAUDULENT CONCEALMENT OF MATERIAL FACT.
   False answer by applicant for life insurance that he had not
   consulted or been examined or treated by a physician within
   preceding five years *held*, sufficient to avoid policy in action by
   beneficiary after death of insured.

ON REHEARING.

2. APPEAL AND ERROR—MOTION FOR NEW TRIAL—WEIGHT OF EVIDENCE.
   Upon appeal from verdict and judgment for plaintiff, the weight
   of the evidence may not be considered in the absence of a motion for a new trial.

3. INSURANCE—FRAUDULENT CONCEALMENT OF MATERIAL FACT—VERDICTS AND FINDINGS—GREAT WEIGHT OF EVIDENCE.
   In action by beneficiary under life insurance policy where case
   was submitted to jury on second trial under special questions
   involving matter of fraudulent concealment of insured's con-
   sultations with a physician within a few months before apply-
   ing for insurance, judgment for plaintiff is affirmed notwith-
   standing verdict for her on special questions may have been
   against the great weight of the evidence, where no motion for
   new trial was made after entry of judgment appealed from
   although defendant had unsuccessfully moved for judgment
   *non obstante veredicto.*

Appeal from Wayne; Webster (Arthur), J. Submitted
January 9, 1936. (Docket No. 22, Calendar No. 38,710.)
Decided March 2, 1936. Submitted on rehearing April 30,
1936. Decided June 4, 1936.

Assumpsit by Ida Boran against New York Life Insur-
ance Company for sums due on a life insurance policy.
Verdict and judgment for plaintiff. Defendant appeals.
Affirmed on rehearing.

*Harry C. Hanley* and *Benton B. Wolfe,* for plaintiff.

*Thomas A. E. Weadock (Lewis J. Weadock,* of counsel),
for defendant.

TOY, J.  Plaintiff, as beneficiary under an insurance policy issued by defendant, insuring the life of one Mike Jotko, brings this action, after the death of the insured, to recover the amount of the policy. In the court below plaintiff had judgment and defendant appeals.

The insured made application for insurance on February 6, 1933, and his application was made part of the policy, which policy was issued by the defendant on February 15, 1933, in the amount of $1,500. The application contained, among others, the following questions and answers:

"7. A.  Have you ever had any accident or injury or undergone any surgical operation? No.

"B.  Have you ever been under observation or treatment in any hospital, asylum or sanitarium? No.   *   *   *

"8.  Have you ever consulted a physician or practitioner for or suffered from any ailment or disease of:

"A.  The brain or nervous system? No.

"B.  The heart, blood vessels or lungs? No.

"C.  The stomach or intestines, liver, kidneys or bladder? No.   *   *   *

"10.  Have you ever consulted a physician or practitioner for any ailment or disease not included in your above answers? No.

"11.  What physicians or practitioners, if any, not named above, have you consulted or been examined or treated by within the past five years? None."

The insured died on June 4, 1933, from primary carcinoma of the liver and generalized arteriosclerosis. After his death, plaintiff made demand upon defendant for payment under the policy, whereupon defendant wrote plaintiff, under date of July 26, 1933, that it elected to rescind the insurance contract because the insured had failed to disclose, in his application for insurance, certain material facts as to his insurability.

At the trial in the court below, defendant submitted testimony to the effect that the answers to the questions, as above set forth, were false; that the insured, within the

year prior to his application for insurance, had suffered an accident and injury at his place of employment; that an application had been made for compensation insurance therefor; that the insured had been at the Evangelical Deaconess Hospital, in Detroit, on October 6, and 8, 1932, for diagnosis and treatment; that at the aforementioned hospital, on the dates stated, insured had consulted with a physician; that on February 10, 1933, insured had made a signed statement to an investigator for an insurance company that carried the workmen's compensation insurance for his employer, that he had sprained his back on September 30, 1932, while working at his place of employment and that he had stated therein:

·"I was unable to work for two or three days. The company didn't tell me to see a doctor but I went to the Deaconess Hospital three times."

The case was submitted to the jury upon four special questions, as follows:

"1. Did Mike Jotko of 754 Elmwood avenue, Detroit, have an accident or injury to his back on September 30, 1932, which he described to Harold E. Hardies (the investigator for the insurance company)? (Answer 'yes' or 'no.')

"2. Was Mike Jotko of 754 Elmwood avenue, Detroit, under observation or treatment at the Deaconess Hospital, in Detroit, either on October 6 or 8, 1932, or both dates? (Answer 'yes' or 'no.')

"3. Did Mike Jotko of 754 Elmwood avenue, Detroit, consult Dr. Albert C. Hamburger on October 6, 1932, at the Deaconess Hospital? (Answer 'yes' or 'no.')

"4. Did Mike Jotko of 754 Elmwood avenue, Detroit, consult Dr. Albert C. Hamburger on October 8, 1932, at Deaconess Hospital? (Answer 'yes' or 'no.')"

The jury in its special verdict answered "no" to each of the foregoing questions.

Defendant claims that the verdict was against the overwhelming weight of the evidence.

Two trials were had in the court below. At the first trial, there was submitted practically the same evidence as narrated above, the same special questions were submitted to the jury, and the jury answered "no" to each of them. The trial court set that verdict aside as against the overwhelming weight of the evidence, and granted a new trial. After a similar verdict had been returned as a result of the new trial, defendant moved for judgment *non obstante veredicto.* In his opinion, denying that motion, the trial judge said:

"The jury (in the first trial) answered all the special questions against the contention of the insurance company and in favor of the plaintiff. The court was of the opinion that the answers indicated that the jury were simply interested in the welfare of the plaintiff, and that the weight of the evidence was contrary to the answers given, and accordingly set aside the verdict of the jury and ordered a new trial.

"The case was tried a second time before a jury with an almost identical result. * * *

"With reference to the answers to questions 2, 3 and 4, which dealt with the visit of deceased to the Deaconess Hospital and his consultation with Doctor Hamburger on two different occasions there, I may say that if the court had been called upon to answer those questions the answers would have been the reverse of those given by the jury."

The learned trial judge further stated:

"While I have very freely expressed my opinion that if the court were called upon to answer questions 2, 3 and 4 they would have been answered the reverse of the answers given by the jury, nevertheless, as I have said previously, I do not feel that the court should set aside this finding of the jury, since it is not the first but the second time the same result was reached by entirely different juries."

Without doubt, affirmative answers to questions 2, 3 and 4 above quoted would be sufficient to avoid the policy in question. *New York Life Ins. Co.* v. *Bahadurian*, 252 Mich. 491; *Metropolitan Life Ins. Co.* v. *Carter*, 252 Mich. 432;

*Bellestri-Fontana* v. *New York Life Ins. Co.*, 234 Mich. 424. On the other hand, the negative answers of the jury to the questions submitted by the court, if correct, fix the liability of defendant. It therefore becomes important to decide the question submitted to us by the defendant, namely: Was the verdict against the great weight of the evidence? A careful examination of the record convinces us that it was.

The testimony shows that the insured withheld from the defendant all information regarding his injury at his place of employment, his visits to the Evangelical Deaconess Hospital and his consultations with a physician on October 6, and 8, 1932, all of which took place within four months prior to his application for insurance. The plaintiff offered testimony, in rebuttal, attempting to show that the insured was not at the hospital on the 6th and 8th of October, 1932, but such testimony was vague and evasive, and was insufficient to meet or overcome the very direct and unimpeached testimony to the contrary, produced by defendant.

The trial judge stated, in effect, that because two different juries had arrived at the same verdict, he did not feel that he should disturb it. However, we cannot see any force to the argument that because a jury twice found the same verdict, that any more weight would thereby be added to the evidence. The verdict being against the great weight of the evidence, the judgment will be reversed and a new trial granted, with costs to defendant.

North, C. J., and Fead, Wiest, Butzel, Bushnell, Edward M. Sharpe, and Potter, JJ., concurred.

### On Rehearing.

Toy, J. After our opinion in the above cause (274 Mich. 638), appellee called to our attention, on motion for rehearing, the fact that no motion for new trial had been made in the court below, and that the question of whether the verdict was against the overwhelming weight of evidence was not properly before us. We thereupon granted rehearing.

The record discloses that the contention of appellee as to the fact is correct: that after verdict, defendant moved for

judgment *non obstante veredicto,* and upon its denial, moved for a rehearing thereof. Both motions were denied. No motion for new trial was made. Therefore, on appeal, the weight of the testimony was not before us for consideration, and we may not consider it. *Olshove* v. *Railroad Co.,* 263 Mich. 579; *Olmstead* v. *Sober,* 251 Mich. 688; *In re McCord,* 243 Mich. 309; *Bacon* v. *Snashall,* 238 Mich. 457; *Bishop* v. *Shurly,* 237 Mich. 76; *Butler* v. *Neumann,* 232 Mich. 25; *Kaufman* v. *Kaufman's Estate,* 230 Mich. 388; *Taylor* v. *Goldsmith,* 228 Mich. 259; *Truesdell* v. *Railroad Co.,* 225 Mich. 374; *Dunton* v. *Sweet,* 210 Mich. 525; *Clarke* v. *Case,* 144 Mich. 148. See, also, *Roger Angstman Co.* v. *Liggett Spring & Axle Co.,* 267 Mich. 620, and *Delta Asbestos Co., Inc.,* v. *Sanders,* 259 Mich. 317.

While we are reluctant to do so, we feel constrained, in view of our many previous decisions upon the matter, to allow the verdict and judgment thereon, as entered in the trial court, to stand.

The judgment of the circuit court is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, WIEST, BUTZEL, BUSHNELL, and EDWARD M. SHARPE, JJ., concurred. POTTER, J., took no part in the decision of this case on rehearing.