COHEN *v.* PEERLESS SODA FOUNTAIN SERVICE CO.

1. PLEADING — VERIFIED BILL OF PARTICULARS — ANSWER — COURT RULES.

Where attorney suing for services filed verified bill of particulars, he had right to demand more detailed verified answer than mere statement that each and every charge in plaintiff's bill was exorbitant, but most that plaintiff can claim under Court Rule No. 20, § 5, is that defendant be deemed to have admitted such items as were not specifically denied.

2. SAME—ISSUE RAISED BY PLEADINGS.

Verified answer, claiming that each and every charge in plaintiff's verified bill of particulars is exorbitant, created issue of fact as to reasonableness of plaintiff's charges, which could be determined only by taking testimony.

3. JUDGMENT—WHEN SUMMARY JUDGMENT NOT JUSTIFIED.

In action for professional services for amount not determined by contract, express or implied, or not liquidated in some manner, motion for summary judgment should not be granted.

4. COSTS—WHEN COSTS NOT AWARDED SUCCESSFUL APPELLANT— COURT RULES.

Where defendant was at fault through tardiness in filing verified answer, and case involves construction of court rule, defendant is not awarded costs, although judgment against it is reversed on appeal, but costs abide final outcome of case.

Appeal from Wayne; Campbell (Allan), J. Submitted January 13, 1932. (Docket No. 123, Calendar No. 36,196.) Decided April 4, 1932.

Assumpsit by Harry Cohen against Peerless Soda Fountain Service Company, a Delaware corporation, for attorney's services. Summary judgment for plaintiff. Defendant appeals. Reversed, and new trial granted.

*Wm. Henry Gallagher* and *John Sklar,* for plaintiff.

*Max Kahn* (*L. V. Pylkas,* of counsel), for defendant.

BUTZEL, J.   Harry Cohen, an attorney of Detroit, plaintiff, was retained by Peerless Soda Fountain Company, a Delaware corporation, defendant, to look after a large amount of business, consisting principally of collections on title-retention contracts. He claims that there is a balance of $2,420.35 due him for services and costs after deducting the sum of $364.35 paid him for specific items.   The instant suit was begun on July 3, 1931, and 12 days later plaintiff filed a verified bill of particulars.   Sixty-three different cases are therein separately listed, and the services rendered in each of them are set forth, some with a greater degree of particularity than others, but none showing the amount of work or the time devoted to each case.   Some of the charges are solely for "correspondence and conferences."   The bill of particulars indicates that plaintiff did perform a very large amount of work for defendant.   This included the instituting of 26 suits in circuit courts, some of which were outside of Wayne county.   Without testimony, however, it is impossible to tell whether the charges are fair and reasonable or too large or small.   Defendant, in a verified answer to plaintiff's declaration, admits that it intrusted the business to plaintiff, but denies that the fair and reasonable value of the services is the amount charged.   It makes other claims that would negative plaintiff's right of recovery.   It does not deny the claims paragraph by paragraph, but it does state:

"That each and all of the charges set forth in plaintiff's verified bill of particulars are exorbitant;

that the various and sundry services alleged in said verified bill of particulars do not exist in fact and were not rendered by plaintiff, and that in all of the instances set forth in plaintiff's bill of particulars the bulk of the alleged services rendered consisted of letters written in reply to repeated demands for information," etc.

On August 11, 1931, plaintiff filed a motion for judgment upon the pleadings, on account of defendant's failure to file a verified answer specifically denying each and every one of the items contained in plaintiff's bill of complaint. He bases his right to recover on Rule No. 20, § 5, Court Rules, which is as follows:

"Whenever a bill of particulars is verified by oath, the items thereof shall be deemed admitted except in so far as the opposite party shall file an affidavit within fifteen days specifically denying the same, and as to each item denied, stating the facts upon which such denial is based."

Defendant filed an answer to the motion, and asserted that the verified answer theretofore filed by it constituted a sufficient denial of plaintiff's bill of particulars. The court held otherwise, but granted an extension of time within which defendant could file an amended answer. Notwithstanding several adjournments, it delayed filing the amended answer until after judgment was rendered. The case was præciped for trial on August 29, 1931. A motion for entry of judgment on the pleadings was again noticed for September 4th and continued to September 10th, on which date a judgment for the full amount of plaintiff's claim was entered, without any testimony whatsoever being taken. On September 14, 1931, defendant filed a motion to vacate the judgment and offered immediately to file an amended answer. This motion was denied. On

September 23, 1931, another motion to vacate the judgment was made by defendant, at which time it filed a verified answer setting forth in detail its defense to each one of the charges made by plaintiff.

Defendant claims that a judgment could not be taken on the pleadings because in any event there was an issue of fact as to the reasonableness of the charges. Plaintiff's declaration states that no specific amount or measure of compensation was agreed upon. Defendant's verified answer stated that each and every charge in plaintiff's bill of particulars was exorbitant, etc. Plaintiff had a right to demand a more detailed verified answer. The most that plaintiff can claim under Court Rule No. 20, § 5, is that defendant be deemed to have admitted such items as were not specifically denied. The answer did create an issue of fact as to the reasonableness of plaintiff's charges. This could only be determined by the taking of testimony. We have denied the right to a summary judgment for professional services for an amount not determined by contract, express or implied, or not liquidated in some manner. *Baxter* v. *Szucs*, 248 Mich. 672; and *Bisbee* v. *Wetmore, ante*, 178.

We need not discuss the other question raised, as to whether the trial judge did not give defendant sufficient time within which to file an amended answer. It has been filed, and the question will not arise on the trial on the merits.

The judgment of the lower court is reversed, and the case remanded for a new trial. As defendant, through its tardiness, has not been without fault, and the case involves the construction of a court rule, the costs will abide the final outcome of the case.

CLARK, C. J., and MCDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.