## THORNTON *v.* BERRY.

1. EVIDENCE—WITNESSES—EXPERT MUST ACCEPT AS TRUE FACTS
   STATED IN HYPOTHETICAL QUESTION.

   In answering hypothetical question, expert witness assumes facts
   asserted in question to be true, and if they or any of them
   are not true, answer is worthless as evidence.

2. TRIAL—REQUESTED INSTRUCTION—EVIDENCE—HYPOTHETICAL QUES-
   TION.

   Refusal to give requested instruction that if jury find from evi-
   dence that facts stated in hypothetical question are not true,
   then they should disregard entire answer to said question, was
   reversible error, where said request was not covered by in-
   struction as given.

Appeal from Jackson; Simpson (John), J. Sub-
mitted June 10, 1932. (Docket No. 65, Calendar
No. 36,232.) Decided September 16, 1932.

Case by Bruce Thornton against Donald Berry
and others for damages arising out of an assault
and battery. Verdict and judgment for plaintiff.
Defendants appeal. Reversed.

*Maxwell F. Badgley* (*Robert L. Drake,* of coun-
sel), for plaintiff.

*Rosenburg & Painter,* for defendants.

McDONALD, J. The defendants have appealed
from a circuit court judgment in an action for dam-
ages arising out of an assault and battery.

The plaintiff and the defendants were friendly
acquaintances residing in the city of Jackson, Michi-

On expert accepting as true, facts stated in hypothetical ques-
tion, see annotation in 39 L. R. A. 314, 315.

gan. They were all young men in their late teens. On the evening of April 11, 1924, the plaintiff was visiting a young lady friend at her home. This was known to the defendants. Acting in concert according to a prearranged plan, they went to the house and called for him. When he came to the door they began an assault upon him. The extent of the assault is in dispute. The plaintiff says they threw a sweater over his head, dragged him from the porch on to the sidewalk and into a vacant lot, where they threw him violently to the ground, beat him, and threatened to castrate him with a knife which one of the defendants carried in his hand; that they cut his belt and trousers in several places and did not desist until some one attracted by his cries approached, when they ran away leaving him in a dazed and fainting condition; that he was carried into the home of a neighbor, where he was revived and afterwards taken to his home. The family physician was called, who says that he found him lying on the floor crying, twitching, and jerking in a highly nervous and hysterical condition.

It is the plaintiff's contention that, as a result of the assault made upon him by the defendants, he subsequently became afflicted with a disease known to the medical profession as residual encephalitis, for which science has been unable to find a cure.

The defendants admit that, with a common purpose, they went to the home where the plaintiff was calling, intending to take him away with them; that their only purpose was to have some fun with him; that they seized him when he appeared in the door, carried him to a vacant lot adjoining the house, and laid him down on the grass; that they made no threats to do him harm; that they did not beat him or cut his clothes, and that they ran away as soon as he called for help. They say they were friendly

with him before and after the incident, and that he made no claim that he had been injured. It is their contention that his present condition was caused by an infectious throat disease, and that they were in no way to blame for it.

The issue was tried by the court with the aid of a jury, and the plaintiff had verdict and judgment for $11,500.

The decisive question presented by the assignments of error relates to the charge of the court in regard to the consideration which the jury should give to the hypothetical questions submitted to medical experts.

The defendants offered the following request, which was refused:

"You are instructed that in this case if you find from the evidence that the facts stated in the hypothetical question are not true, then you are to disregard the entire answer to said question."

In the charge as given the court said:

"I instruct you that with regard to this hypothetical question, members of the jury, you should consider whether or not the facts as stated in the hypothetical question were true or not, whether or not the answer based thereon by the doctors was a logical deduction from those facts, and whether or not the facts as stated in the hypothetical question were true or not, and give to that testimony such weight and credence as you think it is entitled to," etc.

We do not think this instruction sufficiently covered the question. It did not inform the jury that they must wholly disregard the answer if the facts or any one of the facts assumed in the hypothetical question were not established by the evidence. The answer of the expert assumes the facts asserted in

the question to be true, and if they or any one of them are not true the answer is worthless as evidence. *Ballance* v. *Dunnington,* 241 Mich. 383.

The request offered by the defendants correctly stated the law, and should have been given. It was reversible error to refuse it.

We have considered all of the other assignments presented by the record and argued in the briefs, but find none of sufficient merit to require discussion.

The judgment is reversed, and a new trial granted, with costs to the defendants.

CLARK, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.