BILTMORE LAND CO. *v.* RONEY.

RONEY *v.* BILTMORE LAND CO.

1. APPEAL AND ERROR—DIRECTED VERDICT—MOTION FOR NEW TRIAL.
   Issue which may be raised only by motion for directed verdict and such motion was not made may not be urged on appeal from denial of motion for new trial.

2. VENDOR AND PURCHASER—SHORTAGE OF LAND—RESCISSION.
   Supreme Court cannot hold that finding of jury, in action of assumpsit to recover payments due on land contract for purchase of residence lot that shortage of land in lot as platted was material and justified rescission by purchaser, was against the weight of the evidence where no motion for directed verdict was made.

Appeal from Wayne; Toms (Robert M.), J. Submitted October 5, 1934. (Docket Nos. 118, 119, Calendar Nos. 38,059, 38,060.) Decided December 10, 1934. Rehearing denied January 29, 1935.

Assumpsit by Biltmore Land Company, a Michigan corporation, against Edward C. Roney and wife for sums due under a land contract. Set-off and recoupment by defendants for amount paid on rescinded contract. Assumpsit by Edward C. Roney and wife against Biltmore Land Company for amount paid on rescinded land contract. Set-off and recoupment for sums due under land contracts. Cases consolidated for trial. Verdict and judgment in each case for Edward C. Roney. Biltmore Land Company appeals. Affirmed.

*Goodenough, Voorheis, Long & Ryan,* for appellant.

*Monaghan, Crowley, Reilley & Kellogg (O. R. McGuirk* and *Edward T. Kelley,* of counsel), for appellee.

Wiest, J. The Biltmore Land Company brought suit at law against Edward C. Roney and Rosemary T. Roney to recover amount due on a land contract, covering lot 150 in a subdivision. Defendants, by plea, set up rescission by them on account of a shortage of land in the lot, through a mistake in the plat lines, and by notice of set-off and recoupment asked judgment against plaintiff for all sums paid on the contract. In reply plaintiff admitted a shortage by reason of error in the plat and set up the quantity thereof, averred ability to supply a part of the shortage and willingness to submit to a reasonable reduction of the price. Later the Roneys brought suit at law against the Biltmore Land Company to recover payments made by them on a land contract covering lot 90 in the same subdivision, because of a shortage of land by reason of the same mistake in the plat, and rescission by them. The land company, by answer, made the same admission of error in the plat and alleged ability to supply a part of the deficiency and consented to reduction of the price and, by way of set-off and recoupment, asked for judgment against Mr. Roney for the sum due under that and other land contracts.

The two suits were consolidated and tried together. Plaintiff does not ask for judgment against Mrs. Roney. For convenience in designating the parties we speak of the land company as plaintiff and Mr. and Mrs. Roney as defendants. The issues were submitted to a jury under instructions satisfactory to the parties, inclusive of the following:

"How important was the shortage here? Was it trivial and casual and inconsequential, or was it of such material proportions that it seriously inter-

fered, for example, with the purpose for which the property was purchased? Did it work a real hardship and a real handicap upon the purchaser not to receive the amount that he contracted for, reduced by the amount that has been shown here? Was any substantial right of his interfered with? Was it a handicap and a real burden which might materially affect him, or was it inconsequential and casual? If it is the former, he can rescind. If the latter, he cannot and the law provides another method for [by] which he can be compensated for the shortage. This does not mean that the law requires a person to take less than he has bargained for. He may have a remedy in the case of slight or casual shortage which will compensate him for that shortage, and that remedy is available to him; but on the other hand, if the shortage is of such proportions that it cannot be fairly measured in money, or that it would defeat some specific purpose which he had in mind, then he is not obliged to accept money in the place of that which he bargained for, but may rescind under those circumstances. That is the first question for you to decide.''

This instruction was in accord with a request preferred by counsel for plaintiff.

The jury found justified rescission and awarded the Roneys a verdict for the amount they had paid upon the contracts.

After verdict plaintiff moved for a new trial on the ground the verdict was against the great weight of evidence and, upon appeal, presents that point as the ground for reversal. Plaintiff does not now urge that the issues ought not to have been sent to the jury but does present legal points which, in order for us to consider, should have been addressed to the trial court under a motion to take the case from the jury. No such motion was made and plaintiff cannot urge here any such reason for setting the verdict aside.

In the survey, preparatory to platting the subdivision, a mistake was made in running the boundary line, resulting in encroachment upon adjoining property. The mistake was called to the attention of plaintiff's agent before the contracts in suit were executed. Mr. Roney was cautioned about the mistake in 1929, and called the matter to the attention of plaintiff's selling agent, and was advised there was no mistake. The mistake is now admitted but claimed by plaintiff to involve such a slight quantity of land, considering the purpose of the purchase and restrictions upon use, as not to justify rescission.

The Roneys wanted the premises for erection thereon of a single residence. No residence has been erected but, defendants claim, that the quantity of land lost will curtail yard facilities and, had they been aware of the shortage, they would not have purchased.

It is stipulated that:

"The area of the piece of property adjoining lot 90, to which Biltmore Land Company can give Mr. and Mrs. Roney title but which is not included within the boundaries of lot 90 as platted, is 479.24 square feet. The area of the piece which is included within lot 90, as platted, and to which the Biltmore Land Company has not title, is 622.44 square feet. The difference is 143.2 square feet, 33 square feet of which cannot be used for building due to an easement. If this deficiency existed as a strip of even width for the full depth of the lot, it would be 10.8 inches in width. * * *

"The area of the piece adjoining lot 150 to which Biltmore Land Company can give title, and which is not included in the lot as platted, is 9.6 square feet. The area included, but to which the Biltmore Land Company has not title, is 117.62 square feet. The deficiency is 108.2 square feet, or a strip 8.2 inches wide for the whole depth."

There was attached to plaintiff's motion for a new trial an affidavit in which counsel stated:

"That there was no disputed question of fact in the trial of said case; that the decision of the issues was a matter of law for the court; that the verdict of the jury is against the great weight of evidence; that the verdict of the jury indicates a prejudice in the minds of the jurors and shows that they did not follow the evidence in the case or the charge of the court based thereon."

We find no serious disputed question of fact. The jury evidently accepted the testimony of Mr. Roney that the shortage was of such a nature, having in mind the use he intended for the lot, that had he known of it he would not have purchased. We cannot hold the finding of the jury, that the shortage was material and justified rescission, was against the weight of the evidence. Had the court been requested to direct a verdict in favor of the land company we then might pass upon the question of whether the shortage, under the circumstances, was insufficient to justify rescission. But such request was not made and, upon this record, we may not make such holding. See *Tishhouse* v. *Schoenberg,* 234 Mich. 271; *In re Bathwick's Estate,* 241 Mich. 156.

The question of materiality of the land plaintiff admittedly cannot convey was considered by the parties as a question of fact for determination by the jury, was so submitted, and the land company must abide the verdict.

We are constrained to affirm the judgment, with costs to defendants.

Nelson Sharpe, C. J., and Potter, North, Fead, Butzel, Bushnell, and Edward M. Sharpe, JJ., concurred.