MILLER *v.* COOK.

1. TRIAL—INSTRUCTIONS NOT EXAMINED PIECEMEAL.

An alleged erroneous charge to the jury cannot be examined piecemeal.

2. SAME—INSTRUCTION—PEDESTRIANS—INTERSECTION COLLISION.

In pedestrian's action for injuries sustained while crossing an intersecting street, when he was pinned against guard rail of an underpass on north side of through street by northbound car after it was struck by westbound car north of curb line, if extended, instruction that motorists were each required to observe the same rules and laws as to the use of the highways was not erroneous where court also gave plain instructions as to rights of drivers as to use of their respective highways in regard to stopping and right of way.

3. SAME—INSTRUCTIONS—RIGHT OF WAY—THROUGH HIGHWAYS.

In pedestrian's action for injuries sustained while crossing an intersecting street, when he was pinned against guard rail of an underpass on north side of through street by northbound car after it was struck by westbound car north of curb line, if extended, portions of charge relative to right of way accorded vehicles approaching from right were not erroneous in view of other portions whereby jury was instructed that east and west street was a through street, that northbound driver was required to stop before entering intersection, and that westbound car was traveling upon a favored highway and had the right of way.

4. AUTOMOBILES—PEDESTRIANS—THROUGH HIGHWAYS—NEGLIGENCE.

In pedestrian's action against motorist whose northbound car pinned him against guard rail of underpass on north side of through street after it had been struck by westbound car north of curb line, if extended, and westbound motorist, although latter was entitled to certain privileges because traveling on a through street, he did not have the right to proceed in any event and in disregard of any and all circumstances that might be apparent as he was still bound to exercise due care.

5. APPEAL AND ERROR—DIRECTED VERDICT—SAVING QUESTION FOR REVIEW.

Plaintiff who made no motion for directed verdict during trial of personal injury action may not claim on appeal that court was in error in not holding certain joint tort-feasors guilty of negligence as a matter of law.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus B.), J. Submitted January 12, 1940. (Docket No. 71, Calendar No. 40,859.) Decided March 15, 1940.

Case by Earl G. Miller against Roy J. Cook, James Cook, Herman Stehouwer, and Donald Stehouwer for personal injuries sustained when struck by an automobile. From verdict and judgment against defendants Stehouwer, they appeal, and plaintiff cross-appeals. Affirmed.

*Emil B. Gansser (Paul E. Cholette,* of counsel), for plaintiff.

*Travis, Merrick & Johnson,* for defendants Cook.

*John D. B. Luyendyk* and *Harry E. Rodgers,* for defendants Stehouwer.

CHANDLER, J.    Wealthy street in the city of Grand Rapids is a main thoroughfare, 42 feet wide, running east and west, at which vehicles traveling on intersecting streets are required to stop. Lafayette avenue, one of the intersecting streets, is 30 feet in width, its northerly intersection with Wealthy being farther east than the southerly intersection.

On January 18, 1938, plaintiff was walking across Lafayette avenue from east to west at the north intersection. As he was about to step to the curb on the west side of the street, he was struck and thrown against a guard rail surrounding the entrance to an underpass as a result of a collision between an automobile owned by defendant Roy J. Cook and operated by James Cook and one owned by defendant Herman Stehouwer and being driven by his son, Donald.

The Stehouwer car had been approaching Lafayette on Wealthy from the east and the Cook car was being driven north on Lafayette across Wealthy. The automobile last mentioned was struck on the right side by the left front of the Stehouwer car, the collision occurring at a point north of the north curb line of Wealthy, if extended, and west of the center of Lafayette. The impact drove the Cook car against plaintiff, pinning him against the guard rail heretofore mentioned, and causing severe injuries.

The jury returned a verdict in favor of plaintiff and against defendants Herman and Donald Ste-

houwer and a verdict of no cause of action against defendants, Roy J. and James Cook. Judgment was entered in accordance with the verdict, and these appeals resulted.

Appellants Herman and Donald Stehouwer complain of several alleged errors of the court in his charge to the jury. The court charged:

"The drivers of both the Cook and the Stehouwer cars were lawfully upon their respective highways, and each of them in the use of the respective highways was required to observe the same rules and the same laws as to the use of those highways as was the other."

It is claimed that this charge was erroneous in that it required the driver of the Cook and Stehouwer cars to observe the same rules in the operation of their respective vehicles, despite the fact that the Stehouwer car was being operated on a through highway; that it gave the jury to understand that if Cook must stop when he arrived at the intersection, Stehouwer must also stop, and that the jury understood therefrom that all rules applicable to the operation of the Cook car applied to the Stehouwer car.

The complaint, however, fails to take into consideration other portions of the charge. It cannot be examined piecemeal. Immediately following the excerpt above quoted, the court stated:

"Each was required to exercise due care in the operation of their respective motor vehicles."

The objection is not well taken, for it appears from the balance of the instructions that the jury was told that Wealthy street was a favored highway and that the driver of the Cook car was required to stop before entering the intersection. From the

charge as a whole, the jury could not have understood that the rights of the two drivers as to the use of their respective highways were the same, for it was clearly stated by the court that Wealthy street was a through street; that a driver approaching on Lafayette was required to stop before entering the intersection; and that the driver of the Stehouwer car had the right of way because he was approaching the intersection from the right of the driver of the Cook car.

It is claimed that the following portions of the charge, given in connection with the right of way accorded vehicles approaching from the right, fails to take into consideration that Wealthy street is a favored highway, and that it granted the Stehouwer car the right of way only if it was nearest to the intersection.

"If such relative distances and speeds are such as induce the reasonably prudent man to the belief that he can cross in safety, he is not guilty of negligence in proceeding. This applies both to the Stehouwer and to the Cook car. He may assume if he is nearest to the intersection or entering it, or within the intersection, that the one who is farthest away will use due care and will accord to him his legal rights. The fact that one may be nearest the intersection or entering it and has the right of way accorded to him by law is not an assurance of safety nor does it given an absolute right under all conditions. * * *

"The defendant Stehouwer was traveling upon a favored highway. This, however, under all or any conditions is not an absolute assurance of safety, nor does it confer an absolute right to continue. He must use such care as the circumstances at that time demand. He must use due care. While he may assume that the driver approaching from his left

will accord him the right of way, yet when the circumstances would indicate to a reasonable person that such driver was not going to do [so?], then he may not continue to proceed. He must bring his car under control and stop if necessary.

"The driver on a favored highway must make such observation ahead and into the intersecting highway as a reasonably careful and prudent person would make. He must drive in such a manner and with the care that the existing apparent conditions disclose to an ordinarily careful and prudent person is then required."

Again counsel elects to ignore the balance of the charge, whereby the jury was instructed that Wealthy street was a through street and that the driver of the Cook car was required to stop before entering the intersection; and that the Stehouwer car was traveling upon a favored highway and had the right of way. We find no error in those portions of the charge last above quoted. Granting the Stehouwer car all the privileges the driver thereof was entitled to because he was traveling on a through street and because he approached from the right of the driver of the Cook car, yet he did not have the right to proceed in any event and in disregard of any and all circumstances that might be apparent. He was still bound to exercise due care. See *Marciniak* v. *Sundeen,* 278 Mich. 407; *Arnold* v. *Krug,* 279 Mich. 702.

We have examined all of the other objections to the charge and, considering the same in its entirety, find no error was committed warranting reversal of the case.

Plaintiff, who is also an appellant, claims that the court erred in not directing a verdict in his favor and against defendants Roy J. and James Cook on the ground that these defendants were guilty of negligence as a matter of law. Plaintiff made no

motion for a directed verdict during the trial of the cause, and the question cannot now be raised. See *Biltmore Land Co.* v. *Roney,* 269 Mich. 317, and cases cited therein.

The judgments are affirmed, with costs to plaintiff against defendants Herman and Donald Stehouwer. Defendants Roy J. and James Cook will recover their costs of this appeal against plaintiff.

BUSHNELL, C. J., and SHARPE, POTTER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.