BOSCH v. DAMM.

1. NEGLIGENCE—RES IPSA LOQUITUR—EXCLUSION OF OTHER POSSIBLE EXPLANATIONS.

It is not an application of the doctrine of *res ipsa loquitur* to find negligence from a condition which is shown to have existed and which could have caused the damage, and all other possible explanations are excluded.

2. SAME—MANUFACTURED ARTICLES—ELECTRIC REFRIGERATORS—EVIDENCE.

In action by purchaser of an electric household refrigerator against manufacturer for damages alleged to have been due to a want of care on the part of the manufacturer who used a soft sponge rubber grommet in a 1/16-inch inlet through metal back of cabinet for insulated wire from control box to seven-watt light in the food compartment, testimony of eyewitnesses to the fire with respect to the origin of the flames and smoldering insulating material in the refrigerator after the blaze was extinguished and other evidence *held*, to present a question of fact as to manufacturer's negligence which required submission to the jury.

See 2 Restatement, Torts, § 430 and comment (a) on relationship of the negligence problem to the cause problem. Also, see § 433 as to factors important in determining whether negligence is a substantial factor in producing harm. The rule of *res ipsa loquitur* appears actually to be as much a question of the law of evidence as of the law of negligence.

3. APPEAL AND ERROR—MOTION FOR NEW TRIAL—SUFFICIENCY OF EVIDENCE.

The question of the weight or sufficiency of the evidence to support jury's verdict for plaintiff in action for negligence cannot be reviewed by Supreme Court where no motion for new trial was made by defendant.

4. EVIDENCE—NEGLIGENCE—MANUFACTURED ARTICLES—OPINION EVIDENCE—UNDISCLOSED CIRCUMSTANCES.

In action by purchaser of refrigerator against its manufacturer for damages due to alleged negligence in its construction, permitting expert who examined the box of the refrigerator three days after the fire to give opinion evidence as to the cause of the fire by way of question embodying the phrase "your examination of all the other circumstances that you found existing out there on that day," without supporting evidence as to what "all the other circumstances" were, resulted in prejudicial error since jury was deprived of opportunity properly to weigh the testimony of the witnesses.

5. SAME—OPINION TESTIMONY—COMPETENCY.

In action by purchaser of household refrigerator against its manufacturer for damages alleged to have been due to defective construction, wherein it was sought to show cause of fire by opinion testimony of an expert, in order to render competent such testimony it is necessary that there should be produced before the jury testimony of all the facts and circumstances upon which he based his opinion; otherwise the jury is prevented from fairly and intelligently weighing and applying the answer of the expert.

6. SAME—HYPOTHETICAL QUESTIONS.

The proper method of interrogating an expert witness hypothetically is to state in the hypothetical question and assume as true facts which there is some testimony to support.

7. SAME—HYPOTHETICAL QUESTION—UNDISCLOSED OBSERVATIONS.

Permitting an expert witness to answer a hypothetical question which assumed as true facts and circumstances which arose out of the undisclosed observations of the witness, over objection of opponent, constituted reversible error where court cannot say jury was not influenced by the improper reception of such testimony.

Appeal from Muskegon; Sanford (Joseph F.), J. Submitted December 17, 1940. (Docket No. 129, Calendar No. 41,360.) Decided March 11, 1941. Rehearing denied May 21, 1941.

Case by Charles Bosch, Margaret Bosch, and Standard Insurance Company of New York, subrogee, against Albert R. Damm, doing business as Damm Hardware Company, and Westinghouse Electric & Manufacturing Company, a corporation, for damages resulting from a fire. Dismissed as to defendant Damm. From verdict and judgment for plaintiff, defendant Westinghouse Electric & Manufacturing Company appeals. Vacated and remanded for a new trial.

*Lou L. Landman,* for plaintiff.

*C. N. Sessions,* for defendant.

Bushnell, J. This is an appeal by defendant Westinghouse Electric & Manufacturing Company from a judgment entered upon the verdict of a jury in the sum of $1,300, a dismissal having been granted as against defendant Damm. Plaintiff Standard Insurance Company of New York is interested to the extent of $1,000 paid on the fire loss of plaintiff Bosch.

On June 25, 1937, Bosch purchased a new Westinghouse refrigerator from Damm, an authorized dealer in Westinghouse products. The refrigerator was installed by Damm in the kitchen of the Bosch home about four or five inches from the wall. Westinghouse's written warranty, given to Bosch, recited that the refrigerator equipment and all parts were warranted to be free from defects in material or workmanship under normal use and service. The machine operated in a satisfactory manner until February 8, 1938. About 7:30 that evening Bosch and his wife left their home to attend church. While they were away, their next door neighbor, Schoonbeck, drove into his yard between the two houses and noticed flames inside the Bosch home, which he described as ''just lighted up and going on and off.''

Schoonbeck looked through the Bosch window and saw a blaze back of the refrigerator "burning enough to light up the interior of the house." He said he saw "smoke coming out around the rim of the refrigerator and fire shooting up from the back end. * * * A steady flame," and a dense and dark smoke as if tar were burning. The fire department was called and extinguished the flames which had come through on the side of the house approximately at the top of the refrigerator. The refrigerator was dragged out onto the porch, where chemicals were used in order to stop the smoldering fire in its insulating material. The 15-ampere fuses in the electric line were found in a blown condition after the fire.

An engineer employed by the Westinghouse Company testified in detail as to the construction of the refrigerator which, he said, was of a type that had been approved by the Underwriters' laboratories. The box was insulated with shredded balsa wood fibre, wrapped in paper sealed with a tar-like substance called hydrolene, which, according to the witness, was inflammable at a temperature of approximately four to five hundred degrees. An insulated wire from the control box on the rear of the refrigerator passed through a 1/16-inch punched hole in the metal back of the cabinet and from there through the packages of insulating material to a seven-watt light in the food compartment. Soft sponge rubber was used in the 1/16-inch inlet instead of a hard rubber grommet. A heavier insulated wire ran down the back of the cabinet from the control box to the motor and fan at the bottom of the refrigerator.

Plaintiffs' theory is that the fire in the balsa wood insulating material was caused by a short circuit and that defendant was negligent in failing to use a hard rubber grommet in the punched hole in order

to prevent the vibration of the machine from rubbing the insulated electric wires against the sharp metal edges of the punched hole. Plaintiffs produced testimony tending to negative any other possible cause of the fire.

After the verdict of the jury, the court denied defendant's motion for judgment notwithstanding the verdict on the ground that plaintiffs' evidence supported the jury's finding that the fire was occasioned by the negligence of defendant Westinghouse Company.

The contentions of defendant on appeal are that the trial court erred in submitting the case to the jury because there was no evidence that the fire originated in the refrigerator, and that the trial court erred in admitting answers to certain hypothetical questions whereby expert witnesses were asked to give their opinions as to the cause of the fire.

In the course of plaintiffs' proof, expert witnesses testified that vibration of the refrigerator could cause the insulation on the wire leading to the electric light in the food compartment to become worn by rubbing; that no bushing or grommet was used to prevent this wire from contacting the edge of the metal as is customary in the construction of such apparatus; and that a wire coming in contact with the metal edge of the refrigerator would cause a short circuit which could set the balsa wood insulating material on fire.

Defendant claims that no testimony was received upon which the jury could have found in favor of plaintiff without resorting to guess or conjecture. This court said in *Oleksza* v. *Nolan,* 258 Mich. 240, at pp. 241, 242:

"It is not an application of the doctrine of *res ipsa loquitur* to find negligence from a condition which is shown to have existed and which could have caused

the damage, and all other possible explanations are excluded.''

See *Nephew* v. *Consumers Power Co.*, 283 Mich. 12, for facts which were held sufficient to carry the question of defendant's negligence to the jury. And for a recent consideration of the liability of manufacturers for the negligent manufacture of their products, see *Macres* v. *Coca-Cola Bottling Company, Inc.*, 290 Mich. 567. From the testimony of the eyewitness to the fire with respect to the origin of the flames and the smoldering insulating material in the refrigerator after the blaze had been extinguished, it could be inferred that the fire would not have happened except because of a want of care on the part of defendant manufacturer. *Eaton* v. *Consumers Power Co.*, 256 Mich. 549. Review of the testimony shows that a question of fact existed as to defendant's negligence which required submission to the jury.

Since no motion for new trial was made by defendant, the question of the weight or sufficiency of the evidence to support the jury's verdict cannot be reviewed. See *Boran* v. *New York Life Insurance Co.*, 274 Mich. 638, and cases there cited at p. 643.

The defendant further assigns as error the admission of answers to certain hypothetical questions which plaintiffs asked expert witnesses concerning the origin and cause of the fire. Among the questions objected to is the following:

''*Q.* And from your examination of the box and your knowledge of the construction of the box, the manner in which it is assembled and your examination of all of the other circumstances that you found existing out there on that day, what is your opinion as to what caused this fire?''

In answer to the above question the witness gave opinion testimony from which the jury might con-

clude, and evidently did conclude, that the fire resulted from a short circuit caused by defective or impaired insulation of the electric wiring. Clearly the testimony of this character had a decidedly material bearing upon the issue which the jury in the case was called upon to decide. Under the circumstances we think that the question was not only improperly framed but that it resulted in prejudicial error. It permitted the witness to give an answer based upon assumed facts as to which there may have been or may not have been any testimony in the record; and further the question was of such a character that the jury was left completely in ignorance of what facts or what circumstances the witness had in mind in giving his answer. Before the jury could properly consider the opinion answer, every assumed essential fact underlying it should have been found by the jury to exist, such finding being based on the evidence. *Steele* v. *Stahelin*, 234 Mich. 307. The expert witness in the instant case examined the refrigerator and the surrounding conditions three days after the fire. By embodying in the question put to the witness the phrase "your examination of all the other circumstances that you found existing out there on that day" without testimony showing what those "other circumstances" were and without embodying the circumstances in the question wholly deprived the jury of the opportunity to weigh properly the testimony of the witness. Defendant's counsel promptly urged the objection that an answer to the question as propounded would be incompetent and irrelevant, and that the witness should not be permitted to give opinion testimony as to the cause of the fire in answer to the question propounded.

One of the requisites of rendering opinion testimony competent, under the record being reviewed,

is that there shall be produced before the jury testimony of the facts and circumstances upon which the expert bases his opinion. This is of first importance, because if any essential fact on which the opinion is based is not found by the jury to exist, the answer of the witness is (*Ballance* v. *Dunnington,* 241 Mich. 383 [57 A. L. R. 262] ; *Thornton* v. *Berry,* 259 Mich. 529) without probative force and must be disregarded by the jury. To propound a question which in a wholesale fashion permits an expert witness to base his opinion answer on "other circumstances that you found existing out there," without in any way indicating in the question what circumstances or facts are included therein, wholly prevents the jury from fairly and intelligently weighing and applying the answer of the expert.

"Counsel, in propounding a hypothetical question to an expert witness, may assume any state of facts which the evidence tends to establish, and may vary the questions so as to cover and present the different theories of fact. But there must be evidence in the case tending to establish all of the facts stated in the question." *Russ* v. *Railway Co.,* 112 Mo. 45 (20 S. W. 472, 18 L. R. A. 823).

"To permit a witness to express an opinion upon facts not disclosed to the jury is to permit him to place before the jury incompetent testimony." *In re Lembrich's Estate,* 243 Mich. 39, 45.

"A hypothetical question based on facts not shown by the evidence was properly excluded." *People* v. *Bowen* (syllabus), 165 Mich. 231.

"The proper method of interrogating an expert witness hypothetically is to state in the hypothetical question and assume as true facts which there is some testimony to support." *In re Lewandowski's Estate* (syllabus), 236 Mich. 136.

Counsel for defendant urged the objection to the above-quoted question and others that they assumed as true facts and circumstances which arose out of the undisclosed observations of the witness. As above noted, the jury could not understand on what facts the expert's opinion was based nor could they know what facts were assumed as true. We cannot say that the jury was not influenced by the improper reception of opinion testimony and, therefore, the judgment must be vacated and the cause remanded for a new trial. It is so ordered, with costs to appellant.

SHARPE, C. J., and BOYLES, CHANDLER, NORTH, MCALLISTER, WIEST, and BUTZEL, JJ., concurred.