## CSIRCSU *v.* MUIR.

1. APPEAL AND ERROR—MOTION FOR NEW TRIAL—QUESTIONS REVIEWABLE—GREAT WEIGHT OF EVIDENCE.

   Appellant against whom jury rendered verdict is precluded from claiming it was against the great weight of the evidence if he made no motion for a new trial.

2. AUTOMOBILES—THROUGH HIGHWAYS—PURPOSE OF STOPPING.

   The mere act of stopping an automobile before entering a through highway is not just for the purpose of complying with the statutory mandate but is for the purpose of making proper observation and not proceeding until it can be done with reasonable safety (1 Comp. Laws 1929, § 4715).

3. SAME—PLEADING—EVIDENCE—WAIVER, OF OBJECTION.

Where no objections were made to the introduction of testimony as to details claimed not to have been covered by the declaration which was sufficiently specific to apprise defendants of the claims made by plaintiff relative to collision between taxicab and another automobile, appellants waived any objection thereto.

4. SAME—PLEADING—INSTRUCTIONS—THROUGH  HIGHWAYS—STOPPING.

In action by taxicab passenger against owner and operator of taxicab and motorist on through highway into which taxicab had proceeded from a stop street when accident occurred on a very rainy night in October, where declaration alleged that defendant operator had entered the through highway without having stopped, charge to jury that operator had duty not only to stop but to make careful observation and not proceed until it could be done with safety and that he had the further duty to make observation as he drove into the highway *held,* a fair one on the whole.

5. TRIAL—PREJUDICIAL CONDUCT OF ATTORNEY.

In action by taxicab passenger against owner and operator of taxicab and a motorist with whose car there was a collision in which plaintiff received injuries, claims of improper conduct of plaintiff's counsel either singly or in the aggregate *held,* not to warrant a new trial, especially in view of the fact that many of the improper questions propounded by him would affect motorist in whose favor jury rendered verdict rather than appellants, taxicab owner and operator, and improper questions were immediately stricken by the judge and plaintiff's counsel warned.

6. SAME—VIEW OF INJURED BACK.

Merely asking plaintiff if she would submit her injured back to the view of the jury *held,* not reversible error, where trial court sustained defendant's objection thereto and it developed that there were no visible marks or swelling on the surface of her back but claim was made there were nodules, small, painful lumps, tumor-like masses under the skin, which could be felt from the exterior.

Appeal from Wayne; Webster (Clyde I.), J. Submitted October 20, 1942. (Docket No. 88, Calendar No. 42,141.) Decided November 24, 1942.

Action of case by Emma Csircsu against Fred A. Muir, Harold McCarthy, and William W. Davis for damages for personal injuries sustained in an automobile accident. From verdict and judgment against defendants McCarthy and Davis only, they appeal, and plaintiff cross-appeals. Affirmed.

*Herman A. Schmier (Cozzadd & Shangle,* of counsel), for plaintiff.

*Howard D. Brown,* for defendant Muir.

*Edward N. Barnard,* for defendants McCarthy and Davis.

BUTZEL, J. On the night of October 6, 1940, Emma Csircsu, plaintiff, hired a Checker taxicab, being operated at the time by William W. Davis, at the Michigan Central Railroad station, Detroit, Michigan, to transport her to her home in the southwestern part of the city. As taxicabs and other vehicles emerge from the ramp along the westerly side of the station, they enter an open space before reaching Vernor highway, a main thoroughfare and a stop street. Weather conditions that night were very bad and visibility poor, owing to an extremely heavy downpour of rain. Davis drove the car into Vernor highway just as Fred A. Muir was driving north on the same thoroughfare in his Hudson sedan. Muir claims that the taxicab was suddenly driven into the path of his oncoming car so that he had no opportunity to stop or avoid an accident, and a collision occurred, his car running into the taxicab. The damage to the respective cars was almost negligible. The plaintiff claims that she suffered severe injuries, the principal one being to her sacroiliac joint. She brought suit against Muir, Davis and Harold Mc-

Carthy, owner of the taxicab, claiming that she was the innocent victim of their carelessness. Each driver disclaimed liability and attempted to fasten the blame, if any, on the other. The jury exonerated Muir, and rendered a verdict of $2,000 in favor of plaintiff against McCarthy and Davis. The latter have appealed. Plaintiff also filed a cross-appeal, to save her rights against Muir should a new trial be granted.

Appellants concede that inasmuch as they made no motion for a new trial, they are precluded on appeal from claiming that the verdict was against the great weight of the evidence. They argue, however, that the evidence was evenly balanced and, therefore, that they are entitled to a new trial. They asked for no new trial on this account in the lower court, and they may not do so on appeal. On an appeal, in the absence of a motion for a new trial, this court will not weigh evidence. *Boran* v. *New York Life Ins. Co.,* 274 Mich. 638, and cases therein cited; *Bosch* v. *Damm,* 296 Mich. 522. In law cases tried with or without a jury, there is usually a sharp conflict in the testimony of both lay and medical witnesses of the respective parties. An appellate court has no precision instruments nor delicate weighing apparatus with which to determine the weight of evidence alleged to be evenly balanced, or the credibility of witnesses. As was said in *Elliott* v. *Van Buren,* 33 Mich. 49, 52 (20 Am. Rep. 668):

"There is no rule of law which adopts any sliding scale of belief in civil controversies."

Appellants claim that the judge erroneously charged the jury in regard to acts of negligence not set forth in the declaration. It was alleged in the declaration that Davis operated the taxicab in a negligent and careless manner, that it was his duty

to bring it to a stop before entering Vernor highway, and, before permitting it to enter such highway, to see that it could be done with safety. After setting forth these duties, it stated that Davis permitted the taxicab to enter Vernor highway without first causing it to be brought to a stop. Plaintiff did not allege that before entering Vernor highway the driver of the taxicab did not first see that it could be done in safety. The judge charged the jury that if the taxicab did come to a stop, it was the duty of the driver to make careful observation and not proceed until it could be done with safety, and it was his further duty to make observation as he drove into the highway.

Appellants claim there is no specific allegation in the declaration to the effect that even if the driver did stop he did not make a careful observation to see that he could proceed with safety. The mere act of stopping is not just for the purpose of complying with the statutory mandate.* It is for the very purpose of making proper observation and not proceeding until it can be done with reasonable safety. The declaration was not as artistically drawn as it could have been, but it was sufficiently specific to apprise defendants of the claims made by plaintiff. No objection was made to the introduction of testimony as to details claimed not to have been covered by the declaration. Appellants by their conduct waived any objection. *Willox* v. *Townsend,* 245 Mich. 632.

Some details of the charge of the trial judge may be open to criticism, but on the whole it was a fair one and will not be disturbed. *Miller* v. *Cook,* 292 Mich. 683.

Appellants further claim that the conduct of plaintiff's attorney in the trial of the case was so im-

---

* See 1 Comp. Laws 1929, § 4715 (Stat. Ann. § 9.1583).—RE-PORTER.

proper as to prejudice the jury and cause reversible error. It became necessary for the trial judge to warn the attorney for plaintiff that if he persisted in his improper questioning it might cause a mistrial. We have carefully considered each one of appellants' claims in this regard, and do not find that any one of them, or all of them in the aggregate, constitutes error warranting a new trial. Some of the improper questions propounded by plaintiff's counsel would affect defendant Muir more than appellants. That they did not have any effect is shown by the verdict of the jury exonerating him. The improper questions were immediately stricken by the judge and plaintiff's counsel warned in no uncertain manner.

Plaintiff while on the stand was asked by her attorney whether she would submit her back to the view of the jury. The attorney for defendants objected on the ground that the question had been ruled out the night before. This was not denied, although there is no report of such ruling in the record. Appellants strenuously objected to the question and claimed it was reversible error to propound it, that it was asked solely to prejudice the jury. In the altercation that followed, it developed that there were no visible marks or swelling on the surface of plaintiff's back. Her attorney claimed that there were nodules under the skin that could be felt from the exterior, and offered to permit the jury to feel the nodules. A medical expert defined nodules as small, painful lumps, tumor-like masses. The judge ruled that as nothing could be seen, the sole question being whether plaintiff was willing to show her back, he would not permit an answer, and thus sustained appellants' objection. In *Zelhaver* v. *Koepke*, 260 Mich. 428, following a long line of decisions, we held that it was proper for plaintiff to exhibit her wounds

to the jury. In *Grubaugh* v. *Simon J. Murphy Co.,* 209 Mich. 551, we held that it was not error to permit jurors to feel the injured arm of the plaintiff.

We have discussed the main questions raised by appellants; others, we believe, do not have sufficient merit to require any comment. We find no reversible error.

Judgment for plaintiff affirmed, with costs to appellee and cross-appellant.

CHANDLER, C. J., and BOYLES, NORTH, STARR, WIEST, BUSHNELL, and SHARPE, JJ., concurred.