## WATSON v. DAX.

1. FRAUD—PLEADING—DAMAGES.
    Overruling of defendants' motion to dismiss declaration after it was filed and their motion for directed verdict at close of opening statement by counsel for the plaintiffs was proper, where declaration sufficiently averred facts supporting claims that standing timber on the farm was materially less than as represented, that acreage seeded to wheat and contracted to be seeded to oats was misrepresented and that condition of the dwelling house was also misrepresented, notwithstanding failure to set forth amount farm would have been worth if the representations with reference to the timber, grain and house were true.

2. SAME—TIMBER—GRAIN—EVIDENCE.
    Evidence, presented by purchasers of farm, that defendants and their agent had misrepresented the amount of standing timber thereon and the amount of acreage of wheat that had been sown and the acreage contracted to be seeded to oats, *held*, sufficient to justify denial of motions for directed verdict and for judgment notwithstanding verdict.

REFERENCES FOR POINTS IN HEADNOTES
[1] 23 Am Jur, Fraud and Deceit § 169; 55 Am Jur, Vendor and Purchaser §§ 76, 79.
[1] Fraud predicated upon vendor's misrepresentation of physical condition of real property. 174 ALR 1010.
[3] 24 Am Jur, Fraud and Deceit § 227.
[7, 8] Generally as to judgments notwithstanding verdicts, see 30 Am Jur, Judgments § 52 *et seq.*
[9, 10, 12] 3 Am Jur, Appeal and Error § 820.

3. SAME—MEASURE OF DAMAGES.

The measure of damages in an action for fraud based on alleged misrepresentations as to property purchased by plaintiffs is the difference between what it would have been worth had it been as represented and the value of the property as it was when conveyed to them, the amount paid not being in issue.

4. SAME—DAMAGES—EVIDENCE.

Verdict of $2,000 for plaintiffs in action against vendors of farm who had misrepresented value of timber and amount sown to wheat and contracted to be sown to oats *held*, supported by testimony before the jury.

5. SAME—RELIANCE ON DEFENDANTS' MISREPRESENTATIONS—QUESTION FOR JURY.

Whether or not plaintiff purchasers had relied on claimed misrepresentations made by defendant vendors *held*, a matter for the jury to determine from all the proofs in the case.

6. SAME—INSTRUCTIONS.

Charge to jury *held*, to have fairly and clearly presented claims of parties in action for damages because of claimed misrepresentations as to timber, grain and condition of house on farm plaintiffs purchased from defendants.

7. TRIAL—SWORN BILL OF PARTICULARS—MOTION FOR DIRECTED VERDICT—MOTION FOR JUDGMENT NOTWITHSTANDING VERDICT.

Failure of plaintiffs to indicate in their motion for directed verdict that it was based on their sworn bill of particulars wherein they claimed damages in the sum of $10,000, or to bring the matter to the attention of the trial court prior to the determination of the case by the jury precludes use of such basis for decision in their favor on motion reserved under Empson act for judgment notwithstanding the verdict for $2,000 (CL 1948, § 691.691; Court Rule No 20, § 5 [1945]).

8. JUDGMENT—SUMMARY JUDGMENT—SWORN BILL OF PARTICULARS—DECISION BY TRIAL COURT.

Plaintiffs who filed a motion for judgment for $10,000 notwithstanding verdict in their favor of $2,000 were not entitled to have judgment in their favor in larger amount summarily entered, based on sworn bill of particulars, items of which had not been specifically denied by affidavit by defendants, where such basis does not appear to have been called to attention of trial court or to have been considered

by him or that he took any action with reference to it (CL 1948, § 691.691; Court Rule No 20, § 5 [1945]).

9. APPEAL AND ERROR—QUESTIONS REVIEWABLE—VERIFIED BILL OF PARTICULARS.

The failure of plaintiffs to call to the attention of the trial court to their verified bill of particulars in action based on fraudulent representations and obtaining a ruling from him as to the merits of their claim precludes consideration thereof on appeal (Court Rule No 20, § 5 [1945]).

10. SAME—QUESTIONS REVIEWABLE—DETERMINATION BY TRIAL COURT.

An issue not shown to have been presented to the trial court for determination is not before the Supreme Court for decision.

11. FRAUD—DEFECTIVE DWELLING—EVIDENCE.

Plaintiffs' claim for damages resulting from alleged misrepresentations concerning dwelling on farm plaintiffs purchased from defendants in midwinter was properly not submitted to jury, where evidence adduced shows they made a careful examination of it, its proximity to highway was obvious, it was not a new structure and had recently been remodeled, there were no proofs to support finding that defendants were aware of defects, made fraudulent representations with respect thereto or the amount of damages, if any, sustained by plaintiffs with reference thereto and the defects only appeared after repeated vibrations from use of highway by heavily-loaded gravel trucks during following spring and summer.

12. APPEAL AND ERROR—QUESTIONS REVIEWABLE—GREAT WEIGHT OF EVIDENCE—MOTION FOR NEW TRIAL.

Claim that verdict was against the great weight of the evidence is not considered by Supreme Court, where no such question was raised in the circuit court by motion for a new trial.

13. COSTS—FAILURE OF EITHER SIDE TO PREVAIL IN FULL.

No costs are allowed, where neither plaintiffs nor defendants have prevailed in their respective appeals upon affirmance of judgment.

Appeal from Menominee; Jackson (Glenn W.), J. Submitted June 10, 1952. (Docket No. 61, Calendar No. 45,324.) Decided September 3, 1952.

Action by Lewis Watson and wife against Joseph Dax and wife for damages caused by misrepresentation of real estate. Verdict and judgment for plaintiffs. Defendants appeal. Plaintiffs cross-appeal. Affirmed.

*Michael J. Anuta,* for plaintiffs.

*Doyle & Doyle,* for defendants.

CARR, J.   In November, 1947, the defendants were the owners of a farm in Menominee county which they desired to sell. They caused to be inserted in a Milwaukee newspaper an advertisement purporting to describe the farm and specifying the purchase price. As a result plaintiffs became interested and entered into negotiations with defendants and with their agent, which culminated in the purchase of the property on January 17, 1948, for the sum of $15,000. The consideration was paid in full and plaintiffs went into possession on or about January 31st following the execution and delivery of the deed.

Claiming that the defendants by themselves and by their agent had made material misrepresentations of fact concerning the property, on which they relied, plaintiffs brought suit in September, 1948, to recover damages. The amended declaration filed alleged that statements in the advertisement were not true, particularly with reference to standing timber on the land. It was further alleged that when plaintiffs were shown the property, timber was pointed out to them as being on the farm. They discovered later that such timber was on adjoining land which defendants had previously conveyed to another party. Plaintiffs asserted that they did not at the time know the location of the boundaries of the property, and that they were told by defendants' agent that there was more than $5,000 worth of standing timber

thereon. The declaration further set forth that misrepresentations were made with reference to the acreage that had been seeded to wheat and also as to the acreage for which defendants had contracted to be seeded to oats in the spring of 1948; and that the defendants misrepresented the condition of the dwelling house on the property. It was charged that the statements made were false, that in fact the value of the standing timber on the farm as conveyed did not exceed $200, that the acreage seeded, and contracted to be seeded, was much less than as represented, and that the house contained serious defects which appeared after plaintiffs went into possession.

Defendants moved to dismiss the declaration on the ground that it failed to allege a cause of action. The motion was denied. A bill of particulars was requested, and was furnished, after which defendants filed an answer denying the material averments in the declaration and denying that plaintiffs were entitled to recover damages. On the trial of the case, following the opening statement of counsel for the plaintiffs, defendants moved for a directed verdict on the ground that even if plaintiffs proved all the facts claimed by their counsel they would not be entitled to a verdict in their favor. This motion was also denied.

On the completion of plaintiffs' proofs a motion for a directed verdict was made and decision thereon reserved by the court. After the introduction of testimony for defendants the motion was renewed, and decision again reserved. The jury returned a verdict of $2,000 in favor of the plaintiffs. Defendants then moved for judgment notwithstanding the verdict of the jury, which motion the trial judge denied for reasons set forth by him in a carefully considered opinion. Judgment was entered on the verdict and thereupon defendants moved to vacate the judgment and for the entry of judgment in their favor. This

motion also was denied. While defendants' motion for judgment notwithstanding the verdict was pending, plaintiffs filed a motion for the entry of a judgment in their favor in the sum of $10,000, based on the pleadings in the case, notwithstanding the verdict of the jury. It does not appear that the trial judge considered the motion, and the record before us contains no order with reference to it. From the judgment entered defendants have appealed and plaintiffs have cross-appealed.

The first question presented for consideration is whether the amended declaration filed by the plaintiffs, and the opening statement of their counsel on the trial, were each sufficient in substance to set forth a cause of action. As above indicated, plaintiffs' pleading averred the transaction into which they had entered with the defendants and alleged that they purchased the farm in reliance on the representations made to them which, as they claimed, they subsequently learned were false. It was not set forth in specific terms that the property was actually worth less than it would have been worth if the representations with reference to the standing timber, the grain seeded and to be seeded, and the condition of the house, had been true. The allegations of fact were not inconsistent with the theory on which the plaintiffs were required to rely. We do not understand that defendants claim that they were in any way misled because of the failure to make reference in the declaration to the rule of law as to the measure of damages applicable in the case. The trial judge concluded that sufficient facts were pleaded, and also stated by counsel in his remarks to the jury, to fairly set forth a cause of action. There was no error in overruling defendants' motions based on the amended declaration and the opening statement of counsel.

The motion for a directed verdict submitted by defendants at the conclusion of plaintiffs' proofs,

renewed after both parties had rested, and further raised by the motion for judgment notwithstanding the verdict, was based primarily on the claim that the proofs were insufficient to enable the jury to find a verdict in plaintiffs' favor. The testimony of the plaintiffs and their witnesses tended to substantiate their claims, as set forth in their pleading, with reference to the alleged misrepresentations relating to the quantity and value of the standing timber and the acreage of grain seeded and to be seeded under contract. From such testimony the jury might well have concluded that plaintiffs were not advised as to the boundary line of the farm and that they were in substance told that standing timber shown to them was located thereon although actually on adjoining land. The jury might also have concluded that the acreage of wheat that had been sown was materially overstated and that the contract with reference to the oats had been misrepresented. It is, we think, apparent that if the representations claimed to have been made to them by defendants in the particulars referred to had been in fact true the farm would have been worth appreciably more than its value in the condition that it was in at the time of the transaction between the parties.

In submitting the case to the jury the trial judge gave the following instruction:

"The general rule of damages in an occasion of this nature is the difference between what the property would have been worth if it had been as represented and the value of such property as it was when conveyed to the plaintiffs. The issue is not whether plaintiffs paid too much or too little for the property. Therefore whether or not plaintiffs received $15,000 worth of property is not material and is not the issue in this case. Plaintiffs were entitled to get what was represented to them that they should get. And so you will go over each of the claimed representations

and first determine whether or not plaintiffs are entitled to recover with respect to any one or more of them and then you will assess plaintiffs' damages, if any, based upon the difference between what the premises would have been worth if they had been as represented and what their value was when actually conveyed to the plaintiffs, and if you find for the plaintiffs you will render your verdict in such an amount."

It must be assumed that the jury followed the instructions of the court and returned their verdict accordingly, based on the determination of the disputed factual issues involved in the case. The correctness of the rule as stated is not challenged by either appellants or cross-appellants. See *Chapman* v. *Bible,* 171 Mich 663 (43 LRA NS 373); *Gloeser* v. *Moore,* 284 Mich 106. The testimony before the jury was sufficient to permit a specific finding in accordance with the rule embodied in the charge, and the amount of the verdict is well within the scope of the evidence. Whether the plaintiffs relied on the claimed representations in purchasing the farm was a matter for the jury to determine from all the proofs in the case. *Dinius* v. *Bolibrzuch,* 270 Mich 618. The factual issues in the case were properly submitted. The charge given fairly and clearly presented the claims of the parties. The trial court was not in error in denying the motion for judgment notwithstanding the verdict.

This brings us to a consideration of the cross appeal of the plaintiffs. It is their claim that the trial judge should have directed a verdict in their favor in the sum of $10,000, and that failure to do so was error. As before mentioned, defendants, following the filing of the amended declaration, demanded a bill of particulars. In response thereto plaintiffs filed a more specific statement of their claims than was set forth in the declaration, discussing all of the

paragraphs thereof, leaving some unchanged and explaining in some detail the allegations made in others. As in their amended declaration, they claimed damages in the sum of $10,000, together with costs. It was sworn to by both plaintiffs.

Defendants raised no question as to the form or sufficiency of the bill of particulars furnished, nor did they file a sworn denial of plaintiffs' claimed right to recover damages in accordance therewith. Court Rule No 20, § 5 (1945), provides that:

"Whenever a bill of particulars is verified by oath, the items thereof shall be deemed admitted except insofar as the opposite party shall file an affidavit within 15 days specifically denying the same."

Plaintiffs' motion, above referred to, made after the jury had returned its verdict, was based on the above-quoted rule and on the further claim that the verdict for $2,000 was contrary to the great weight of the evidence. Both claims are urged in this Court.

The record does not indicate that plaintiffs made a motion for a directed verdict on the basis of their sworn bill of particulars, or that the matter was in any other way called to the attention of the trial court, prior to the determination of the case by the jury. Not having made such motion on the trial, the plaintiffs were not in position to avail themselves of the provisions of the statute (CL 1948, § 691.691 [Stat Ann 1951 Cum Supp § 27.1461]) relating to the making and decision of a motion for judgment notwithstanding the verdict. Neither were they entitled to urge at the time of the filing of their said motion that the court should summarily enter a judgment for them on the basis of the bill of particulars. As before stated, it does not appear that the trial judge considered such motion or that he took any action with reference to it. The record does not show

affirmatively that it was called to his attention. If so, it is a matter of inference that he considered that plaintiffs were not then entitled to raise the question based on the court rule and that the motion did not require affirmative action.

The situation presented is somewhat unusual. In effect this Court is asked to pass on a matter not seasonably submitted to the trial judge and not passed on by him. In *Garbarino* v. *Lee C. Miller Company,* 330 Mich 688, it was said with reference to an analogous situation:

"It does not appear in the record on this appeal that the trial judge passed upon any of the controverted issues—*i.e.,* whether plaintiff's status was that of a stockholder in the corporation or a creditor of the corporation, whether plaintiff was entitled to an accounting for the value of his services as bookkeeper, or for his alleged loss incident to the motor vehicle transaction. Hence those issues are not before us for review."

See, also, *Dowagiac Manufacturing Co.* v. *Schneider,* 181 Mich 538; *Taskey* v. *Paquette,* 324 Mich 143; *Cabana* v. *City of Hart,* 327 Mich 287 (19 ALR2d 333). Counsel for plaintiffs cites and relies on *Cohen* v. *Peerless Soda Fountain Service Co.,* 257 Mich 679. In that case the plaintiff, having filed a sworn bill of particulars, moved for judgment on the pleadings, basing such motion on the failure of the defendant to file a verified answer denying the various items specified in plaintiff's claim. Defendant relied on its sworn answer to plaintiff's declaration. The trial court held that such answer was not a compliance with the rule, but granted defendant time to file an amended sworn answer. This the defendant neglected to do, and the trial court rendered judgment in plaintiff's favor, which this Court reversed. The case does not support plaintiffs' position in the in-

sant controversy. Without reference to the merits of the claim based on the verified bill of particulars, we conclude that because of the failure of the plaintiffs to seasonably call the matter to the attention of the trial court and obtain a ruling thereon they are precluded from raising the matter on appeal in this Court. See, *Baldwin* v. *Nall,* 323 Mich 25, 31.

It is further contended on behalf of plaintiffs that the trial court was in error in not submitting to the jury their claim for damages because of alleged misrepresentations concerning the condition of the house. The ruling of the trial judge on the matter and his reasons therefor are set forth in the following excerpt from his charge:

"Now as to any claim for damages arising out of fraud with respect to the representations in regard to the dwelling on the premises I cannot submit this to you. There was testimony that now there is ample evidence of defects and damage which can be seen at this time. The house had been remodeled at considerable expense before the negotiations. The difficulties with respect to the dwelling did not become manifest or observable until a considerable time after the negotiations took place and the plaintiffs had moved in. There is not sufficient evidence to submit this issue to the jury as to whether or not defendants were aware of these difficulties at the time of the negotiations or if aware of them to what extent they were aware of them at the time. The testimony upon any claimed issue of damages arising is too indefinite and uncertain. One of the plaintiffs' witnesses said he estimated the cost of repairs now to be a total of $3,600 or $3,700. Now it is quite clear from the evidence not all of the defects that now can be seen at the house were observable when the negotiations took place and even if you find that some of these defects existed and were known to defendants at that time when the parties met and made this transaction the evidence forms

no basis for apportioning any part or parts of this $3,600 or $3,700 to such part as might have been known to the defendants at that time. Now the matters of cost of rehabilitating and remodeling this house are matters peculiarly in the hands of plasterers, carpenters and other artisans and without testimony from experts of this type there is not sufficient evidence to submit these issues to the jury. For these and other reasons you will disregard all claim for damages with respect to the dwelling house."

The claims of plaintiffs with reference to the appearance of the alleged defects in the construction of the house, and the possible reasons therefor, are suggested in the following excerpts from the testimony of plaintiff Lewis Watson:

"We started to notice a disturbance in the house, in the walls, on account of the many county trucks traveling by our place on [highway] 577, somewhere in April, 1948. I was living there all the time. We noticed damage done around the summer of 1948 when the county began hauling large quantities of gravel and large trucks passed our house. The county, also in April, 1948, was hauling large quantities in heavy trucks on 577.

"Q. The point is, whenever it was that the county was hauling this gravel in the large trucks along 577, that is the time you connected up the damage to the walls of the house? That is right, is it not?

"A. I noticed cracks in the house along in the spring. The time they really became noticeable was at the time the county was hauling gravel in large trucks over 577 in front of our house. A lot of cracks did not appear because the walls were covered with paper and they broke through the wall paper.

"Q. Now, Mr. Watson, was it that damage to the house that became part of the claim on which you had your attorney write to the Menominee county road commission to look into a cost of $1,700 to repair

the house and see if the road commission or its insurers would pay that?

"*A*. Yes, I am talking about that damage. * * *

"*Q*. When the trucks went by on the highway, what effect did they have on the house?

"*A*. That is what I did not know and I tried to find out.

"*Q*. Was there any shaking or anything like that?

"*A*. I didn't realize it was the trucks until I was on the back porch; when the trucks went past I felt a great vibration.

"*Q*. There was some vibration?

"*A*. Yes. That was the only thing I noticed from the highway traffic, the shaking."

Mrs. Watson testified that defects in the house were first discovered about the 1st of July, 1948, when cracks in the plaster began to appear. The dwelling was in proximity to a county road designated in the record as Highway 577, over which there was during the spring and summer of 1948 rather extended operations by heavily-loaded trucks. It is a fair conclusion that the vibration resulting from such traffic affected the dwelling, contributing in part at least to the condition that plaintiffs contended necessitated the making of repairs.

As the trial judge pointed out in his statement to the jury, above quoted, the false representations claimed by plaintiffs with reference to the house related to the situation at the time the property was purchased by them. The testimony concerning defects in the structure in the main had reference to the condition developing later. The court was not in error in holding that there were no proofs before the jury on which to base a specific finding as to what fraudulent representations, if any, were made in the course of negotiations between the parties with reference to the then condition of the house, or as to the amount of damage, if any, sustained by plaintiffs

because of false statements with respect thereto. It further appears that plaintiffs knew at the time they made the purchase that the house was not a new structure, and that it had been recently remodeled. The testimony indicates that they made a careful examination of it. They were, of course, charged with notice of its proximity to the highway. On the basis of the record before us the trial court properly declined to submit to the jury plaintiffs' claim of damages to them resulting from misrepresentations concerning the dwelling.

Plaintiffs' claim that the verdict was against the great weight of the evidence does not require discussion. It does not appear that such claim was raised in the circuit court by motion for a new trial. *Boran v. New York Life Ins. Co.,* 274 Mich 638, 642; *Csircsu v. Muir,* 303 Mich 323.

We find no reversible error and the judgment entered in the trial court is affirmed. Inasmuch as neither plaintiffs nor defendants have prevailed on their respective appeals, no costs are allowed.

DETHMERS, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.